EASTERN DIST.
*April*, 1835.

ALLEN & DEBLOIS
vs.
THEIR
CREDITORS.

any particular day of a term; but only to the *next* term, after allowing the ordinary legal delay.

8   221
f118   970

---

## ALLEN & DEBLOIS *vs.* THEIR CREDITORS.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Opposition to the appointment of syndics, by a creditor, must be made *within* the ten days next following the appointment before the notary.

So where the tenth day following the appointment of syndics, was Sunday, and the opposition of a creditor was filed on Monday, being the eleventh day thereafter: *Held*, that it was in time, because all judicial proceedings are forbidden on Sundays, and the party is entitled to his ten full legal days.

The plaintiffs filed their petition the 5th June, 1834, and made a cession of their property for the benefit of their

EASTERN DIST. creditors, which was accepted by the judge, and a meeting
April, 1835. of their creditors ordered to take place before a notary public,

ALLEN & DEBLOIS on the 23d of the same month.
*vs.*
THEIR          The proceedings of the creditors before the notary, closed
CREDITORS. on the 26th of June, and were returned *into court.* The
plaintiffs were appointed their own syndics.

On the 7th of July, following, M'Mahon and wife filed their
opposition to the proceedings of the creditors in appointing
syndics, and denying to the insolvents the right to be syndics,
or to obtain the benefit of the insolvent laws, on various
grounds.   This opposition was objected to, and a rule taken
by the syndics of the creditors to show cause why it should
not be dismissed, as not having been filed until after the
expiration of the legal delay allowed by law.

On hearing the rule, the parish judge was of opinion
the opposition was not filed in time ; and he made an order
dismissing it.   The opposing creditors appealed.

It appeared in proof that the tenth day after the proceedings
before the notary closed was Sunday, and that the opposition
was filed on Monday.

*Hoffman* and *Eustis,* for the appellants.

1. This opposition was first recognised and contested, on
grounds other than those of not being filed in time.   It could
not be contested afterwards, on the ground of not being filed
in time.   5 *Louisiana Reports,* 256.

2. The time allowed within which to file an opposition,
had not expired when this was offered, because the tenth
day was Sunday, which should not be counted.

3. Sunday being the day on which, according to the *Code
of Practice, article* 318, the opposition was to be made, and not
being counted, the party had all the next day to file his
opposition.

*Benjamin* and *Pierce,* contra.

1. The meeting of creditors was closed before the notary
on the 26th June.   The opposition was filed on the 7th July,
i. e. not within the *ten days next following the appointment of the*

syndics, as required by the *Act of 1817, section* 18.  2 *Moreau's Digest,* 429.

2. Being after the lapse of ten days, it is too late and must be dismissed.  2 *Martin, N. S.,* 57.  2 *Louisiana Reports,* 217 *and* 358.

3. The proceedings of the creditors having become final by the mere lapse of the ten days, and no judgment of homologation being required by law, the proceedings form *res judicata* as against the opposing creditors.  See case of *Goodale* vs. *His Creditors, recently decided.*

*Bullard, J.,* delivered the opinion of the court.

The only question in this case is, whether the opposition was filed within the delay allowed by law.  It is now settled that such opposition must be made within the ten·days next following the appointment of syndics before the notary.

In the present case, the tenth day was Sunday, and the opposition was filed on the next day.  It cannot be said that the opponent was too late on Saturday night, because the law allows ten days, and at least any time within the tenth day would suffice.  But the tenth day happened to be not a judicial day, and it was impossible to file the opposition on that day, all judicial proceedings being forbidden.  If we should say, that the opposition comes too late, we should deprive the opposing creditor of one day allowed by law, or compel him to do, what is legally impossible.  We are, therefore, of opinion, that the opposition was not too late.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed and annulled, and the rule discharged, and the case remanded for proceedings on the opposition according to law; the appellees paying the costs of this appeal.

---

*Margin notes:*

EASTERN DIST. *April,* 1835.

ALLEN & DEBLOIS
vs.
THEIR
CREDITORS.

Opposition to the appointment of syndics, by a creditor, must be made *within* the ten days next following the appointment, before the notary.

So, where the tenth day following the appointment of syndics, was Sunday, and the opposition of a creditor was filed on Monday, being the 11th day thereafter: *Held,* that it was in time, because all judicial proceedings are forbidden on Sundays, and the party is entitled to his ten full legal days.