## No. 6934.

### JOHN H. CATHERWOOD & CO. VS. WM. H. SHEPARD.

If the last of the ten days allowed a defendant for answering falls upon a *dies non*, the whole of the next day is given to him to file his answer; and any judgment of default taken against him before the expiration of that day, is premature.

$$\begin{array}{cc} 30 & 677 \\ 52 & 985 \\ \hline 30 & 677 \\ 107 & 562 \end{array}$$

APPEAL from the Fifth District Court, parish of Orleans. *Rogers, J.*

*Hornor & Benedict* and *F. W. Baker* for plaintiff and appellee.

*Singleton & Browne* for defendant and appellant.

The opinion of the court was delivered by

MANNING, C. J. The service of process was made on the defendant on Dec. 22, 1877. Ten days were allowed to answer. The default was entered on January 2d following. From the judgment confirming that default, this appeal is taken.

Neither the day when the citation was served, nor the day when the delay expires, are counted as part of the ten. Code of Practice, art. 180. The first day of January was the last of the ten days, and a default on the second would have been well taken, but for the fact that the first of January is a legal holiday, upon which no judicial proceeding could be had.

In all cases where delay is given, either to do something, or to answer, neither the day of serving the notice, nor that on which the act is to be done, or the answer to be filed, are counted as part of the delay. Code of Practice, art. 318. But if the last day of the time, allowed for the performance of any judicial act, falls upon a *dies non*, the whole of the next day is allowed for the performance of the act. Fowler v. Smith, 1 Rob. 448. Garland v. Holmes, 12 Rob. 421. In this last case, the court say, the ten days allowed for a suspensive appeal expired on the first of January, which being *dies non juridicus*, the whole of the next day was allowed.

Catherwood & Co. vs. Shepard.

The mistake in counting, made by the plaintiff, was probably caused by his supposition that the delay was for his benefit and by considering that as he was the party to take or move for the default—and as ten clear days had elapsed, and the time within which he was prohibited from acting had elapsed—there was no legal obstacle to his moving on the eleventh day.

But it is from the other standpoint, the question of right must be regarded. The delay is accorded to the defendant to answer. It is he that is entitled to ten clear days to file his answer, and he is entitled to the last moment of the last day. He could not file it on the last of the ten days, because that was the first of January, and therefore he had the whole of the second to file it. State ex rel. Mercier v. Judge, 29 Annual, 223. The default could not legally be taken until the third of January, and having been taken on the second, was prematurely taken. Therefore

It is ordered and decreed, that the judgment of the lower court is avoided and reversed, and that this cause is remanded thereto for a new default to be taken and other proceedings to be had according to law, the plaintiffs to pay all costs of, and after, default in the lower court, and the costs of appeal.

---

### · CONCURRING OPINION.

MARR, J. By the terms of the Code of Practice, defendant was required to answer "within ten days, to be counted from the time the citation has been served. *   *   *   *   In counting the ten days, neither the day when the citation has been served, nor the day when the delay expires, is included." Articles 180, 318.

This means that ten clear days, excluding the day of the service of the citation, and the terminal day, are to be allowed to the defendant before a default can be taken against him. The first day to be counted was the twenty-third December; and the terminal day was the first January, thus: 23 one, 24 two, 25 three, 26 four, 27 five, 28 six, 29 seven, 30 eight, 31 nine, 1 ten.

The same law that excludes the twenty-second of December, the day on which the service was made, excludes the first of January, the day on which the delay expired, and defendant had the whole of the next day, the second of January, in which to answer. The default, therefore, was premature; and the confirmation of it by final judgment was void.

For these reasons I concur in the decree pronounced by the Chief Justice.