(52 South. 491.)

No. 17,876.

RADY v. FIRE INS. PATROL OF NEW ORLEANS.

(May 9, 1910.)

*(Syllabus by the Court.)*

1. LIMITATION OF ACTIONS (§ 122*) — PRESCRIPTION—INTERRUPTION—SERVICE OF CITATION.

Prescription is not interrupted by the service of citation on a day of public rest other than Sunday.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 122.*]

2. TIME (§ 9*)—EXCLUDING FIRST OR LAST DAY—LIMITATION OF ACTIONS.

An action for damages for the death of a person is prescribed by one year from the day of the death. In the computation of time, the day a quo is excluded, and the day ad quem must have elapsed. Thus, where death occurred on June 25, 1905, citation served on June 25, 1906, before midnight, will interrupt prescription.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 11–32; Dec. Dig. § 9.*]

3. CHARITIES (§ 45*) — FIRE INSURANCE PATROL—NEGLIGENCE — "PUBLIC CHARITABLE ASSOCIATION."

The Fire Insurance Patrol of the City of New Orleans is not a public charitable association, and is responsible in damages for injuries occasioned by the negligence of its servants in driving its wagon into a truck of the city fire department. Conceding that such patrol and the fire department have the same rights of way in the streets, it does not follow that the former is not responsible for injuries inflicted through the negligence of its servants.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 103; Dec. Dig. § 45.*

For other definitions, see Words and Phrases, vol. 2, p. 1082.]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Action by Mary Rady against the Fire Insurance Patrol of New Orleans. Judgment for plaintiff, and defendant appeals. Affirmed.

McCloskey & Benedict, for appellant. George W. Flynn, for appellee.

LAND, J. Plaintiff sued for damages for the death of her son, James Rady, who died on June 25th from the effects of wounds received on June 23, 1905, in a collision at a street crossing between truck No. 4 of the New Orleans Fire Department and a patrol wagon of the defendant. Rady was the driver of truck No. 4 at the time of the collision.

The petition in this suit was filed on June 23, 1906, and on the same day at 2:45 p. m. copies of the citation and petition were served on the defendant. This service was made on a Saturday, and in the citation the plaintiff was styled "Rody," instead of "Rady." On June 25, 1906, another citation in due form issued and was served at 10:15 a. m. of the same day.

Defendant's plea of the prescription of one year was overruled, and defendant then answered that the collision could not have been avoided by any human foresight, and that every care, circumspection, and prudence were used by the respondent at the time.

The case was tried, and there was judgment in favor of the plaintiff for damages in the sum of $5,000. Defendant has appealed, and the plaintiff has, by answer, joined in the appeal and prayed for an increase of the award to $10,000.

Prescription.

The contention of the defendant is that the service of the citation on the Saturday

half holiday was a nullity and did not interrupt prescription.

Article 207 of the Code of Practice of 1870 provides that "no citation can issue" on Sundays, Fourth of July, first or eighth of January, twenty-fifth of December, twenty-second of February, or on Good Friday. Section 1114 of the Revised Statutes of 1870 provided that the same days "shall be considered as days of public rest in this state," and for cases where bills of exchange and promissory notes become due and payable on such holidays. By Act No. 9, p. 16, of 1880, said section was amended and re-enacted so as to include Mardi Gras, and the fourth of March in New Orleans, among the days of public rest. There was other legislation on the subject-matter, which culminated in Act No. 3, p. 5, of 1904, amending and re-enacting the same section so as to read:

"The following shall be considered as days of public rest and legal holidays and half holidays in this state, and no others, namely: Sundays, * * * Good Friday, * * * twenty-fifth of December, * * * Thanksgiving Day, * * * and in cities and towns where the population shall exceed fifteen thousand, every Saturday, from twelve o'clock noon, until twelve o'clock midnight, to be known as a half holiday."

By Act No. 6, p. 9, of 1904, the same Legislature provided for the continuance of trial of any case begun but not concluded at the time of the intervention of any legal holiday or half holiday, Sunday and Christmas Day excepted.

It is very plain that Act No. 3 of 1904 places Saturday half holidays on the same footing as Sunday and other legal holidays and days of public rest, and that Act No. 6 of 1904 treats such half holiday as a dies non juridicus. In fact neither the Code of Practice nor the statutes of this state make any distinction quoad judicial proceedings between Sunday and other legal holidays; all being days of public rest, except in the matter of the trial of cases already begun.

We therefore are of opinion that the service of the citation on the half holiday, being prohibited by law, produced no legal effect.

But the service on June 25, 1906, was good. It is true that this service was made more than one year after the date of the accident; but it was within one year from the date of the death; that is to say, the last day of the year had not elapsed when the citation was served. Civ. Code, art. 3467. The day a quo is excluded in the computation. See De Armas v. De Armas, 3 La. Ann. 528, 529, citing a number of French commentators. In Chestnut v. Hughes, 22 La. Ann. 616, the court said:

"Prescription had not accrued when the citation was served on the 4th of April, 1868, the injury having occurred on the 4th of April, 1867. The year must be computed from the day on which the injury was caused; the day a quo is not included. Civ. Code, art. 3467 (3430); [De Armas v. De Armas] 3 Ann. 528."

The damages on account of the death were not sustained until June 25, 1905, and prescription quoad such damages commenced to run from the date of the death. Jones v. Texas & Pacific Ry. Co., 125 La. 542, 51 South. 582.

### On the Merits.

This case is on all fours with that of Coleman v. same defendant, reported in 122 La. 626, 48 South. 130, 21 L. R. A. (N. S.) 810. Coleman was on the same truck and was injured in the same collision. The district court awarded damages in favor of Coleman, and the judgment was affirmed on appeal. Both courts found that the collision was occasioned by the negligence of the servants of the defendant. In the case at bar, another district judge, after considering the same state of facts, says:

"The evidence as a whole convinces me that the negligence of the defendant's employés was the direct cause of the collision, in which the plaintiff's son lost his life. * * * In this position the slightest attention would have made manifest the near approach of the fire depart-

ment truck, for its gong was sounding, and its horses going at a moderate gallop. * * * I find the facts of this case in substance as they are found by the Supreme Court, in the (Coleman) case referred to, hereinbefore."

After a reconsideration of the evidence, we see no good reasons for changing our opinion on the question of negligence.

This conclusion renders it unnecessary to discuss at any great length the questions of law that were considered in the Coleman Case. We adhere to the view that the defendant is not a public charitable corporation and is liable for the negligence of its servants. We are impressed with the very able argument of counsel for defendant as to the proper construction of the provisions of the statute giving to the men, teams, and apparatus of the fire insurance patrol the same right of way, whilst going to a fire, as the fire department of the city. Section 16 Act No. 83, p. 111, of 1894, provides that the officers and men of the fire department, with their apparatus of all kinds, when on duty, shall have the right of way to any fire and in any highway, street, or avenue over any and all vehicles of any kind except those carrying the United States mail, and also a penalty against persons owning or driving vehicles and refusing right of way, etc. The act of 1902 (Acts 1902, No. 115) gives to the defendant the same right of way, and it is argued, therefore, equal rights of way. Conceding the premises, the defendant's servants are not dispensed from the use of ordinary care in the exercise of such right of way. The greater the danger, the greater should be the care to avoid collisions with the heavier and more unwieldy apparatus of the fire department.

We are not prepared to say that the quantum of damages awarded for the death of the son is manifestly insufficient.

Judgment affirmed.

PROVOSTY, J., concurs.