(63 South. 487.)

No. 19,513.

MEYER et al. v. BICHOW et al.

(Nov. 3, 1913.   Rehearing Denied Dec. 1, 1913.)

*(Syllabus by the Court.)*

1. MECHANICS' LIENS (§ 115*) — PREMATURE PAYMENTS—RIGHTS OF MATERIALMEN.

Where a building contract provides that the last payment is to be made 15 days after the completion of the building, the owners of the building cannot make a payment prior to the time by merely notifying the materialmen of such intention. The rights of these latter are fixed by law, and nothing that the owner can do can change them.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 150–159; Dec. Dig. § 115.*]

2. TIME (§ 9*)—COMPUTATION.

In determining the day when payments shall be made, under a contract providing that the last payment shall be made 15 days after the completion of the building, the day a quo and the day ad quem must be deducted.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 11–32; Dec. Dig. § 9.*]

3. TIME (§ 10*)—COMPUTATION—SUNDAY.

Where one has 15 days in which to file a lien and serve an attested account, and the last day on which he can do it falls on a Sunday, he may file it on the first succeeding day which is not a dies non.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 34–52; Dec. Dig. § 10.*]

4. PRINCIPAL AND SURETY (§ 100*)—OBLIGATION — CHANGE OF CONTRACT — RELEASE OF SURETY.

Where a building contract provides that the owners of the building shall have the right to employ an architect to supervise the construction of the building, this is a right personal to them, and, if they do not choose to exercise it, the surety on the bond furnished by the contractor cannot claim exemption from liability under the bond by pleading that the owners have changed the terms of the contract. The surety is limited to the same defenses as the principal could have set up, and surely the contractor, who was the principal in the bond, could not have set up as a defense the failure of the owners to exercise a right which was purely personal to them.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 162–165; Dec. Dig. § 100.*]

5. PRINCIPAL AND SURETY (§ 117*)—RELEASE OF SURETY.

The surety is not relieved of the obligations of his contract merely because the owners of the building lent to the contractor a sum of money, when the evidence shows that this money was merely a loan independent of the contract price and not paid on the amount due the contractor for his work.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 283–285; Dec. Dig. § 117.*]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by L. Meyer and others against Joseph Bichow and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

K. V. Richard and Dufour & Dufour, all of New Orleans, for appellant Pailet. H. W. Robinson and W. S. Parkerson, both of New Orleans, for other appellants. Buck, Walshe & Buck, of New Orleans, for appellee W. W. Carre Co., Ltd. J. D. Hill, Nix & Tichenor, Frank W. Hart, F. W. Brewer, Chas. G. Gill, W. Catesby Jones, Gustave Lemle, and R. B. Logan, all of New Orleans, for various other appellees.

BREAUX, C. J. The action was brought by Leonard Meyer and Jasmin Feitel, owners, for a judgment against Jos. Bichow and Elias Pailet in solido, in the sum of $350 for attorney's fees and costs and against the parties before named and the other defendants, discharging them from liability to these defendants under a building contract, which they entered into with Joseph Bichow and his surety, Elias Pailet, for the erection of two double-story frame buildings, and canceling the inscription of all liens and privileges in favor of the defendants on all claims they allege they have on the property.

These are proceedings in concurso in order to have the rights of parties determined. The price in accordance with the contract was $9,000. The contract was recorded.

The claims of the different creditors, as per certificate of the recorder of mortgages, are in evidence.

The answer of W. W. Carre Company, Limited, is noted for the reason that it is the only creditor who appears before this court as appellee.

This firm in its answer objected to the solvency of Elias Pailet, the surety, and to the solvency of the bond. Alleged that it furnished lumber to Joseph Bichow, contractor, used in the construction of the buildings and other improvements; that the balance due on its claims is $1,400.03.

Elias Pailet has taken a devolutive appeal from the final judgment in the concurso proceedings, to which judgment we will refer later.

Plaintiff company has taken a suspensive appeal.

The district court rendered judgment in favor of W. W. Carre Company against Leonard Meyer, Jasmin Feitel, Joseph Bichow, and Elias Pailet in solido in the sum of $1,450.03, with legal interest from judicial demand, and costs, with recognition of its liens and privileges against the property of plaintiff, described in the petition for a concurso.

The judgment condemns Meyer, Feitel, and Bichow in solido to pay the claims of other creditors.

As before stated, the other creditors, except W. W. Carre Company, have not appealed from the judgment, nor have they filed an appearance in this court. We therefore will give ourselves no further concern about these "other creditors."

In a paragraph of the judgment, different from the one above noted, judgment was rendered in favor of Leonard Meyer and Jasmin Feitel for the sum they may pay under the judgment to the above-named Carre Company, to be reimbursed by the principal and surety in the builder's bond.

In another paragraph, plaintiffs Meyer and Feitel are adjudged entitled to a judgment against Joseph Bichow and Elias Pailet in solido for such amounts as they may pay under this judgment. The other claims were ordered canceled.

[1] Plaintiffs' objection to the Carre claim is: First, that it and plaintiff firm wrote to the materialmen, including Carre Company that they had accepted the building October 1st and would make the last payment on October 15th, under the provisions of articles 2772 and 2774, Civ. Code. The contention of W. W. Carre Company is that they were not bound by that notice.

Carre Company were not bound by this notice.

The creditors named still retained the right to the 15 days' delay. The letter did not have the effect of changing the contract. The day of acceptance of the building was a matter of evidence. As relates to the delay of 15 days as stipulated in the contract, Carre Company's registered claim was served in time and recorded.

Now as to the method of calculating delays, in regard to which there is contention.

[2, 3] Article 318 of the Code of Practice is controlling:

"Neither the day of the notice nor the day on which the act is to be done or the answer filed are included."

The first day, the day a quo, and the last day ad quem, under the rule stated, must be deducted.

The last of the 15 days was a Sunday; it follows that these creditors had until the Monday following to record their claims and serve their attested accounts.

This rule has been held as applying in matter of a suspensive appeal, in matter of filing opposition to accounts, as relates to judicial advertisements.

It has also been expressly held that if the last day is a Sunday one may act on the following day.

The following sustain the different propositions stated:

As to the first, suspensive appeal: C. Part. 575; State ex rel. Armand Mercier v. Judge, 29 La. Ann. 223.

Oppositions: Succ. of Miller, 107 La. 561, 32 South. 80.

Judicial advertisements: McDonough v. Gravier, 9 La. 532.

When the last day falls on a dies non: Catherwood v. Shepard, 30 La. Ann. 677.

In Rady v. Insurance, 126 La. 275, 52 South. 491, 139 Am. St. Rep. 511, it was considered that Saturday, a half holiday, was to be considered as a day as relates to notice.

Allowing the whole of Saturday, then, even if we were to adopt the rule that the last day is not to be counted, these creditors were still in time; but we adhere to the authorities cited as applying, and that excludes the last day (Sunday) and allows until Monday in counting intervening days. The creditors had time until that day to act.

It is now an accepted rule. The owners must be held bound to the appellees Feitel and Meyer.

The next proposition on the part of plaintiffs in regard to the Carre claim is that the obligation of the owner under the building law of 1906 (Laws 1906, No. 134) is that a surety must be solvent at the time of the signing of the bond; that Pailet was solvent at that time; and that that was all-sufficient. We do not agree with that view.

If he was not solvent at the date that the question of his solvency was pleaded in the district court in answer to plaintiff's petition, then the surety is not such as he should have been. He must be solvent at least at the time the suit is instituted as above.

As we read the statute, that was the legislative intention. This bond is to have full force and effect 90 days after the completion of the building.

The evident intention was that a valid and solvent bond should be furnished.

A bond not solvent, as made to appear, as in this case, at the trial, is no protection to the owner. These bonds are taken at a time when creditors have no interest in questioning the solvency of the surety; for that reason, doubtless, the time within which to test the bond is fixed by statute.

Plaintiffs, having failed in their attempts to prove that the surety is solvent, are liable for the claim.

The plaintiffs' next proposition is that the judgment of Carre Company against the owners should be placed on the same basis as the judgment in favor of other materialmen. We hold: It will be on the same basis.

[4] In answer, Pailet resists plaintiffs' demand and urged that plaintiffs have lost all right of action against him because in the contract and under the bond which he signed plaintiffs had agreed that an architect should supervise the building; but that, instead of having an architect to supervise the building, plaintiffs supervised the construction themselves. That the contract was in consequence violated and the surety discharged.

Furthermore, that plaintiffs anticipated payments of the creditors, to secure whose claim he had signed the bond. That they had no right to anticipate payments; the bonds therefore can be of no avail to plaintiffs.

That plaintiffs loaned the owner of the building $650; that could not be done, urged surety Pailet, without violating the contract and putting an end to the binding effect of the bond against him.

We take up the first proposition for decision: Substitution of the owner of himself to an architect, which he had bound himself to employ.

Where the building contract provides that the owners shall have the right to select an architect to supervise the construction of a building, this is a right personal to them, and, if they do not choose to exercise it, the surety on the bond has not been hurt thereby and will not be relieved of his obligation because the owners did not choose to exercise their right.

The surety on a bond is limited to the defense which the principal could have urged, and the principal here could not have urged the failure of the owners to select an architect as a defense.

After the work of construction has been completed, the work accepted as satisfactory, the architect, if there had been one specially employed, would have had no occasion to issue a certificate. The work is done, and no complaint arises which can now be submitted to an architect.

In the case cited by counsel for the surety, viz., Bonding & Trust Co. v. Gibson County, 127 Fed. 671, 62 C. C. A. 397, different from the case in hand, there was direct need for the certificate of an architect in order to determine how much was due for failure to complete the work within the stipulated time. The court, under the facts of that case, held that the surety was not liable. In the cited case, there was no way of proving under the contract the damages due for delay in performing the work. It was necessary as proof. Here there is no such necessity. The work, as before stated, has been accepted.

[5] The surety is not discharged if provisions intended for the creditors are not insisted upon. U. S. v. Kirkpatrick, 9 Wheat. 736, 6 L. Ed. 199.

In the following cases, the courts in other jurisdictions laid down the principle that the architect's certificate may be waived without touching the creditors' right: Brandrup v. Empire State Surety Co., 111 Minn. 376, 127 N. W. 424; Blethen & Terry v. Blake, 44 Cal. 117; Clark v. Pope, 70 Ill. 130.

The surety urged that the payments were anticipated. It is true that one of the plaintiffs made a loan of $650 to the contractor.

The evidence is positive, direct, that it was a loan, and not so much paid on account.

It becomes a question of fact, and, as it is sustained by testimony, it will have to remain as stated.

This payment did not have the effect of changing the contract.

Other payments, the surety contends, were made on the 15th of October, two days in advance of the time fixed for paying the creditors.

We, after having carefully read the decisions, will not extend the discussion to any length.

The statute limits the defenses which may be made. Act No. 134 of 1906.

The principal on the bond, who has received over $7,000, is not in a position to make the point. Moreover, the contract has not been changed by this payment to the creditors, who have been paid. There is no substituted contract nor material alteration, even if it be held that the quotation is not as directly in point as we are of opinion it is.

Pailet, surety, raises the point as surety

that he cannot be made to pay a larger amount than the amount of the bond. That is true, and the judgment will therefore be amended.

It is ordered, adjudged, and decreed that the judgment appealed from is affirmed except as to Pailet, surety; as to him, the amount of his indebtedness is reduced to $4,500, plus 5 per cent. interest from the date of the maturity of his indebtedness on the bond. The amount to be applied to the payment of plaintiffs' claim proportionately, so that the sum of the judgment against Pailet, surety, shall not exceed $4,500.

With this amendment, the judgment is affirmed. Costs to be paid by the mass.

MONROE, J., concurs in the decree, save in so far as it condemns Pailet in favor of Meyer and Feitel.

PROVOSTY, J., concurs in the decree.

SOMMERVILLE, J., takes no part herein.