His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
This is an appeal by the defendant surety company from a judgment rendered in a concursus proceeding called in accordance with the Building Lien Law, Act 167 of 1912.
In substance and effect the judgment fixes the claims of all material men, establishes the balance due by the *100 owner, and condemns the surety company to make good the deficiency up to the amount of its bond, the amount due by the owner and the deficiency up to the amount -of its bond made up by the surety company to be distributed pro rata among the material men whose claims have been recognized. The surety company is also condemned for the costs of the proceedings and for .the attorney’s fees of plaintiff.
I.
The first question which arises in this case is whether the material men .and others called into the concursus by the owner must “cite” the surety company as to their individual claims, or whether the citation by the owner, to the various claimants and to the contractor and his surety suffices to bring all parties before the Court so as to authorize a judgment of the nature hereinabove indicated.
We think the general citation by the owner suffices.
It will be observed that the judgment herein does not give each claimant an individual judgment against the surety, but simply fixes the amount of each claim and then gives general judgment in favor of the claimants for a sum which together with the amount on deposit is to' be distributed between them; that is to say the judgment clearly means that the parties in interest may now compel the surety to deposit in ’Court the amount for which it is condemned to the end that same may be distributed among the claimants; which is precisely what the act seems to contemplate. For the act distinctly says that under such circumstances the matter shall be tried (and of course disposed of) in concurso; that is to say all together and not between individual and individual.
*101 The surety in a concursus of this sort occupies a position somewhat akin to that of a personal warrantor towards the owner being called in for the purpose of defending the claims asserted against the property, and it suffices for that purpose that he be cited by the owner.
Should the material men seek individual judgments against the surety, and should it be held that such judgments could be rendered in conouirsus proceedings (as to which we express no opinion), then and then only would the question of the necessity for individual citations arise. But the case before us presents no such case. Here the surety is in effect simply condemned at the suit of the owner to deposit in Court a sum sufficient to discharge the claims of the material men and release the liens upon the property, and it suffices for that purpose that he be cited by the owner.
II.
It is further urged that the surety is discharged by the failure of the owner to record the building contract and bond within the time fixed by the Act of 1912. But this Court has repeatedly held that while such neglect on the part of the owner might result in fixing liability upon him it had not the effect of discharging the surety (see Templeman Bros. vs. Sinnott, 9 Court of Appeal, 305, and authorities there cited).
III.
It is urged that quoad the owner the surety herein is discharged because the owner anticipated payments to the contractor. Ths same point was urged in Meyer vs. *102 Bichow, 133 La., 975, and was thus disposed of: “Other payments, the surety contends, were made * * # two days in advance of the time fixed for paying the creditors. We * * * will not extend the discussion to any lengtln The Statute limits the defenses which may be made— Act'134 of 1906.” The words of the Statute to which reference is made are as follows: “The surety herein shall be limited to such defenses only as the principal on tne bond could make. ’ ’ And surely the • principal on the bond could make no such defense as that urged. So much for this defense as a mere technicality; whether or not the surety might be entitled-to urge such ,a, defense where actual injury had been shown, it is not necessary to decide, since injury is not even claimed in this case.
IV.
The surety herein bound itself as follows: “Having taken full cognizance of the building contract” it bound itself “as surety for said contractor in the full sum of $950.00 in favor of said owner, sub-contractors,” etc.
The surety was condemned by the judgment below for the full sum of $950.00 to make up the deficit for the various sub-contractors, and for an additional sum of $150.00 as attorney’s fees under a clause of the contract providing that the contractor should pay attorney’s fees if incurred in connection with the contract.
We have already held that a surety was liable for attorney’s fees under bonds such as this; the reason is simple, it is part of the obligation for which he became surety — and as long as the amount for which he became surety is not exceeded, he may be condemned for any of the obligations assumed by the principal.
*103 Opinion and decree, February 14th, 1916.
Rehearing refused, March 29th, 1916.
But where the surety has limited his liability, by fixing the sum for which he agrees to stand, that sum is the full measure of his.liability and he can be condemned .for no more.
In Meyer vs. Bichow, 133 La., 982-983, the Supreme Court said:
“Pailet, surety, raises the point as surety that he cannot be made to pay a larger amount than the amount of the bond. That is true and the judgment will therefore be amended.”
As we read the bond from which we have quoted as above, the surety herein bound himself for the sum of $950.00 however made up, but for no more; and accordingly we think that the judgment appealed from is erroneous when it condemns the surety to pay more. As under the statutes the claims of material men are preferred to- those of the owner, amendment must be made as to the attorney’s fees.
V.
The only other point urged by the surety is that the owner, .after the contractor’s default, did not follow the contract' strictly. Our answer to this contention is tiie same as to the contention .about anticipated payments.
It is therefore ordered that the judgment appealed from be amended by striking therefrom so much as allows plaintiff attorney’s fees amounting to $150.00, and as thus amended the judgment is affirmed; appellant to pay the costs below and plantiff to pay the costs of this appeal.
Judgment affirmed and amended.