BERNADAS v. MILLER

———

(June 16, 1930. Opinion and Decree.)

———

Quintero & Ritter, of New Orleans, attorneys for plaintiff, appellee.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This matter comes before the court on a motion to dismiss the appeal on the ground that the original return day for the filing of the transcript was fixed on or before February 10, 1930, and the appellant obtained an extension to March 9, 1930, within which to file the transcript of appeal, but that the application for an additional extension filed on March 10, 1930, came too late, and that the order signed to the application on that date extending the return day until April 9, 1930, was illegally and improvidently granted.

Counsel for the appellee contends that the three days of grace for filing a transcript only applies where the transcript is filed within three days after the return day originally fixed. But where the court grants an extension of the return day, the order must be literally complied with on or before the day fixed either by an application for a further extension of time or by filing the transcript on or before the day fixed; otherwise the appeal will be dismissed.

Counsel for the appellant contends that as March 9, 1930, which was the last day within which to file an application for a further extension of time, or the transcript, in this court, fell on a Sunday, that he had all of the next day to apply for an extension or to file the transcript.

The authorities cited by counsel for appellee in support of the motion to dismiss the appeal and his contentions appear to us to be sound, but in no wise are they in conflict with the authorities cited by counsel for appellant in support of his above stated contention.

The authorities appear to hold that where the extended return day falls on a "dies non," the defendant has all of the next day to apply for an extension or to file the transcript.

The following cases are pertinent and decisive of the issue here presented:

"It appears that the return day, as extended, was the twenty-eighth of February, which was Sunday. The next day, between six and half-past six in the evening, the attorney of the appellant deposited in the clerk's office the transcript, but the clerk being absent the filing was not indorsed thereon till the succeeding day.

"The transcript being deposited in the proper office, within office hours, must be regarded as filed, although the formal indorsement thereof was not written till the next day.

"The return day occurring on Sunday, we think the appellant was entitled to the whole of the next day to file his appeal."

State ex rel. F. A. Luling vs. Judge of the Fourth Judicial District Court, Parish of St. Charles, 24 La. Ann. 333.

"That difference is simply this: the last day of the delay fixed by law for the return of such appeals, occurring on a Sunday, the district attorney pro tempore, apprehending the very objection raised by defendant, caused to be filed in this court, on the ninth day after the judgment was signed, one of the transcripts herein mentioned; the other transcript was filed on the eleventh, and could not have been filed on the tenth day, which as admitted, was a Sunday. That both were filed in time is no longer an open question." State ex rel. Duffel vs. Marks, 30 La. Ann. 97.

"That statute declares that all commercial paper which shall by law or commercial usage be required to be protested for non-payment 'shall be deemed to be due, and shall be due and payable, on the first day not a Sunday or legal holiday * * * succeeding the third, or last day of grace, * the third or last day of grace be a Sunday or legal holiday,' etc.

"It seems but reasonable and just that a like interpretation should be by this court placed upon this statute with regard

to the return day for appeals, in that it equally affects all judicial proceedings, and stays and restrains judicial action thereon upon dies non."

Metropolitan Bank vs. Aarons-Mendelsohn Co., 50 La. Ann. 1047, 24 So. 125.

"The rule that when an act is to be done within a given time it may be done afterwards, if nothing occur to prevent it, and that neither the day of serving the notice, nor that on which the act is to be done, are included, do not apply to this case. Code Prac. art. 318; (Garland v. Holmes) 12 Rob. 421; (Palfrey v. Winter) 8 La. 206; (Vancampen v. Morris) 6 Rob. 79; (Harbour v. Brickel) 10 Rob. 419; (French v. Harrod) 9 La. Ann. 21; (McDonogh v. De Gruys) 10 La. Ann. 75; (Brother v. Bank of Louisiana) 10 La. Ann. 147; (Farmer's & Mfg's Aid Ass'n v. Strawbridge) 24 La. Ann. 126; (Police Jury of New Orleans v. Garrett) 19 La. Ann. 122; (Cousin & Bro. v. Johnson) 21 La. Ann. 210; (City of New Orleans v. Merchants Mut. Ins. Co.) 21 La. Ann. 213; (Moriere v. Robinson) 20 La. Ann. 229; (Dalton v. Viasco) 18 La. Ann. 651; (Bienvenu v. Factors' & Traders' Ins. Co.) 28 La. Ann. 901.
"There exists however an exception, when the last day on which the act to be done is a dies non. (State ex rel. Luling v. Judge) 24 La. Ann. 333."
Lacroix vs. Bonin, 33 La. Ann. 119.
"Second. On the 16th December, 1880, the appellant applied for and was granted a delay of ten days for filing the transcript. The 9th day, the 25th, was Christmas; the next, the 26th, was Sunday. It was filed on the 27th of December, and was in time, the two last days of the delay not being legal days, should not be counted. (State ex rel. Luling v. Judge) 24 La. Ann. 333.
"The motion to dismiss is, therefore, denied."

Gueringer vs. His Creditors, 33 La. Ann. 1280.

Counsel for the appellee contends that the law was changed by Act 92 of 1900 and Act 106 of 1908, but a reading of the acts does not bear out his contention.

Since March 9, 1930, which was the last day within which to make application for an extension of time to file the transcript, fell on a Sunday, a dies non, the appellant had all of the following day, March 10, 1930, within which to do so. The application for additional time, having been filed on March 10, 1930, was therefore timely.

For the reasons assigned, the motion to dismiss the appeal is denied.