183 La. 634

### MANSUR v. ABRAHAM et al.

### MEREY v. SAME.

### No. 33552.

Supreme Court of Louisiana.

Nov. 4, 1935.

See, also, 159 So. 146.

Robert Ainsworth, Jr., and Sam Monk Zelden, both of New Orleans, for plaintiffs.

Taylor, Porter & Brooks, of Baton Rouge, for defendants.

O'NIELL, Chief Justice.

The judges of the Court of Appeal for the First Circuit, availing themselves of the provisions of section 25 of article 7 of the Constitution (1921), have asked for instruction on a question of law. The question is whether, in a tort action, which is subject to the prescription of one year, the filing of the suit and serving of the citation on the next day after the year has expired will interrupt prescription, when the last day of the year was Sunday. Putting the question another way, may the injured party, in such a case, wait until Monday, the next day after the year has expired, or must he file his suit on Saturday, the day before the year will expire, in order to interrupt prescription?

In this instance the damages were sustained on the 17th day of December, 1932, in an automobile accident, in which two persons were injured. They filed their suits and had the citations served on Monday, the 18th day of December, 1933; which was one day too late if the right of action was not saved by the fact that the 17th day of December, 1933, was a dies non juridicus. The defendants pleaded the prescription of one year. The district judge overruled the plea, and, after hearing the case on its merits, gave judgment for $2,000 damages to the plaintiff in one of the suits, and for $250 damages to the plaintiff in the other suit. The defendants appealed to the Court of Appeal. That court sustained the judgments overruling the plea of prescription, but reversed the judgments on their merits, and rejected the plaintiffs' demands. Mansur v. Abraham (La. App.) 159 So. 146, and Id. (La. App.) 159 So. 154. One of the three judges of the Court of Appeal handed down a dissenting opinion on the plea

of prescription, but concurred in the judgments rejecting the plaintiffs' demands. Another of the judges of the Court of Appeal concurred in the overruling of the plea of prescription, but dissented from the judgment rejecting the plaintiffs' demands. The plaintiffs applied for a rehearing, which was granted. When the case came up on the rehearing, Judge Mouton, who had written the prevailing opinion on the former hearing, had retired from office, and his successor, Judge Dore, took part in the second hearing of the case. The court then submitted to this court the question of prescription.

The rule has been established by a consistent line of decisions by this court, the earliest of which decisions was rendered more than a hundred years ago, that, when the last day of a term allowed by law for taking any stated action in a judicial proceeding falls on a Sunday or other legal holiday, the action may be taken on the next day following, as effectively as if taken on the day before the last day of the term. Allen & Deblois v. Their Creditors, 8 La. 221; Garland v. Holmes, 12 Rob. 421; State ex rel. Luling v. Judge, 24 La. Ann. 333; State ex rel. Duffel v. Marks, 30 La. Ann. 97; Catherwood & Co. v. Shepard, 30 La. Ann. 677; Metropolitan Bank v. Aarons-Mendelsohn Co., 50 La. Ann. 1047, 24 So. 125: Meyer v. Bichow, 133 La. 975, 63 So. 487; Kelly, Weber & Co. v. F. D. Harvey & Co., 178 La. 266, 151 So. 201, 203. See, also, Bernadas v. Miller, 13 La. App. 706, 129 So. 175, by the Court of Appeal for the parish of Orleans.

In Allen & Deblois v. Their Creditors, supra, decided in April, 1835, where the law allowed the creditors ten days in which to file an opposition to the appointment of a syndic, and the tenth day in that case fell on Sunday, it was held that an opposition filed on Monday, the eleventh day, was in time. The court gave these reasons for the ruling, viz.:

"In the present case, the tenth day was Sunday, and the opposition was filed on the next day. It cannot be said that the opponent was too late on Saturday night, because the law allows ten days, and at least any time within the tenth day would suffice. But the tenth day happened to be not a judicial day, and it was impossible to file the opposition on that day, all judicial proceedings being forbidden. If we should say, that the opposition comes too late, we should deprive the opposing creditor of one day allowed by law, or compel him to do, what is legally impossible."

In Garland v. Holmes, supra, decided in 1846, it was held: "Where the last day allowed for obtaining an appeal falls on a day of public rest [the first day of January], the whole of the next judicial day is allowed."

In State ex rel. Luling v. Judge, supra, decided in 1872, where the return day for the appeal, as extended, fell on a Sunday, it was held that the filing of the transcript on the next day, Monday, was in time.

In State ex rel. Duffel v. Marks, supra, decided in 1878, the last day of the ten days *allowed by law* for filing the transcript in the Supreme Court fell on a Sunday, and it was held that the filing of the transcript on the next day, Monday, was in time.

In Catherwood & Co. v. Shepard, supra, decided in 1878, where the last one of the ten days allowed the defendant for answering the suit fell on 1st day of January, and a judgment by default was entered on the 2d day of January, it was held that the judgment confirming the default was null because the 1st day of January was a dies non. The court announced the rule thus: "But if the last day of the time, allowed for the performance of any judicial act, falls upon a dies non, the whole of the next day is allowed for the performance of the act."

In Metropolitan Bank v. Aarons-Mendelsohn Co., supra, decided in 1898, an order extending the time allowed for the filing of the transcript extended the time to "the first Monday in the month of November," and it so happened that the first Monday in November, that year, fell on the 1st day of November, which, being *All Saints' Day*, was declared by Act No. 93 of 1892 to be a "day of public rest"; hence it was held that an application filed on the 2d day of November, for another extension of the time allowed for filing the transcript, was not beyond the time allowed in the first extension.

In Meyer v. Bichow, supra, decided in 1913, the rule which in the other cases was applied to delays allowed in the course of judicial proceedings was declared applicable also to a case involving the question of peremption, thus:

"Where one has 15 days in which to file a lien and serve an attested account, and

the last day on which he can do it falls on a Sunday, he may file it on the first succeeding day which is not a dies non."

In Bernadas v. Miller, 13 La. App. 706, 129 So. 175, in 1930, the Court of Appeal for the parish of Orleans followed the ruling in State ex rel. Luling v. Judge, supra, and in Metropolitan Bank v. Aarons-Mendelsohn Co., supra, and held that where the time allowed for filing the transcript of appeal, as extended, fell on a Sunday, an application for further time was filed in time on the next day.

The attorneys for the plaintiffs in these cases cite Rady v. Fire Insurance Patrol, 126 La. 273, 52 So. 491, 139 Am. St. Rep. 511, as authority for the rule which we have stated; but in the Rady Case the reason why the service of citation on Monday, the 25th of June, 1906, was held to be in time to interrupt the prescription of one year was that the death of the plaintiff's son, for which the damages were claimed, occurred on the 25th of June, 1905, as a result of an accident which occurred on the 23d of June, 1905. The ruling that the prescription of one year commenced from the date of the death of the plaintiff's son, and not from the date of the accident, caused all other questions affecting the plea of prescription to be eliminated.

In Kelly, Weber & Co. v. F. D. Harvey & Co., supra, decided in 1933, all of the previous decisions on this subject were reviewed, and the rule was stated, thus:

"It is well settled, by the uniform jurisprudence, that, when the last one of the ten days (not including Sundays) from the day on which a judgment is signed is a legal holiday, a suspensive appeal may be taken on the next day; but it has never been decided by this court that a legal holiday is not to be counted if it intervenes between the day on which the judgment is signed and the tenth day (not counting Sundays) after the judgment is signed."

█ The reason why, in the case last cited, reference was made to legal holidays, other than Sundays, intervening between the starting time and the last day of the term allowed, is that article 575 of the Code of Practice, which allows ten days for taking a suspensive appeal, says: "Not including Sundays." And it was held that the expression "not including Sundays" did not exclude other holidays. Intervening Sundays, like other legal holidays,

are included in computing the delays allowed by law, unless they are declared excluded by the statute allowing the delay; as Sundays are declared excluded by article 575 of the Code of Practice. But, without a statutory declaration to this effect, a Sunday or any other legal holiday is not counted in computing a delay allowed by law if the Sunday or other legal holiday is the last day of the term allowed. That has been the ruling by this court in every instance where the question has arisen.

It does not appear that the rule which we have stated has ever been invoked, in Louisiana, to extend a period of prescription, or statute of limitation. In the case of Meyer v. Bichow, 133 La. 975, 63 So. 487, where the rule was said to prevent the peremption of a lien, it seems that the court had reference to a period of limitation fixed in a contract. That decision, therefore, is perhaps not exactly in point. In all of the other cases cited, the rule, which excludes a Sunday or other legal holiday when it is the last day of the term allowed by law, was applied to procedural delays, or delays allowed in the course of a judicial proceeding. That distinction, between the decided cases and the two cases which we are now considering, was pointed out by the judge who dissented from the opinion of the two other judges of the Court of Appeal, on the question of prescription, in this case. 159 So. 146, 150–152. All of the French commentators on the articles of the French Code on this subject, excepting M. Grenier, make the same distinction, between what they term delays of procedure and delays of prescription, "les délais de procédure" and "délais de prescription." Hence the French commentators—all except M. Grenier—maintain that the rule, that whenever the last day of a delay of procedure is a holiday the delay shall be extended to the next day, "is made exclusively for delays of procedure, and must remain inapplicable to delays of prescription." Baudry-Lacantinerie, Vol. 28, § 584, p. 430; Marcadé— Explication du Code Napoleon—Vol. 7, p. 178; Dalloz—Nouveau Code Civil—Vol. IV, p. 1928; Troplong—Droit Civil Expliqué—Vol. 2, § 816, p. 336; Aubry et Rau (5th Ed.) Vol. 2, p. 480; Boileux— Commentaire sur le Code Napoleon—Vol. 7, p. 832; Laurent, Vol. XXXII, § 385, p. 375; Planiol et Ripert—Traité Pratique de Droit Civil Francais—Vol. III, p. 668.

In the Tulane Law Review, June, 1935, vol. IX, No. 4, p. 614, is an interesting comment on the decision rendered by the Court of Appeal in this case, 159 So. 146; in which comment attention is given to the opinions of the French commentators, not in accord with the ruling made in this case. We must bear in mind, though, that the French commentators give two distinct reasons for their opinion on this subject, neither of which reasons would be a reason for a Louisiana court to hold that the rule which we refer to is not applicable to the law of prescription. One of these reasons, given by the French commentators, is that France has a statute, the law of the 13th of April, 1895, which amends article 1033 of the Code of Civil Procedure, enacted exclusively for delays of procedure, and which, quoting from Baudry-Lacantinerie, vol. 28, § 583, p. 430, "is enacted exclusively for delays of procedure and must remain inapplicable to delays of prescription," "*cst exclusivement faite pour les délais de procédure et dois rester étrangère aux délais de prescription.*" The statute itself is plain enough, viz.: "Whenever the last day of any delay whatever of procedure (*franc ou non*) is a holiday, the delay shall be extended to the next day." The other reason given by the French commentators, for maintaining that the rule laid down in article 1033 of the French Code of Procedure, as amended by the law of April 13, 1895, is not applicable to the "delays of prescription," is that, in France, according to article 1037 of the Code of Procedure, citations or judicial notices may be served on legal holidays, if necessary to interrupt prescription, by permission of the judge. As Marcade (Vol. 7, p. 178) says: "*Il peut d'ailleurs faire sa signification le jour de fête, en obtenant permission du juge* (art. 1037, C. Pr.)." And, as Troplong (Vol. 2, § 816, p. 336) says: "*D'ailleurs, dans les cas· d'urgence et de péril, on peut obtenir la permission du juge de faire des significations et executions les jours de fête légal.*" And, as Laurent (Vol. XXXII, § 355, p. 375) says: "*D'ailleurs, le Code de Procédure permet de faire des significations les jours de fête, avec la permission du juge* (art. 1037)." Accordingly, in France, there is no reason why an additional day should be added to the period of prescription when the last day falls on a legal holiday; because the prescription may be interrupted by the serving of the judicial

notice on a holiday, as well as on any other day.

It appears from the reason given in the first decision in Louisiana, on this subject, in Allen & Deblois v. Their Creditors, 8 La. 221, that the rule is founded, in some degree at least, upon the translation, instead of the French text, of article 3436 of the Civil Code of 1825, which article became 3467 in the revision of 1870, and was originally copied from articles 2260 and 2261 of the Civil Code of France. The first clause in the article is a literal translation of article 2260 of the Code of France, viz.: "The time required for prescription is reckoned by days, and not by hours"; but the second clause, "it is only acquired *after the last day allowed by law* has elapsed," is not a literal translation; because article 2261 of the Code of France declares: "It is acquired *when the last day of the term* has elapsed." (The italics are ours.) The reason given for the ruling in Allen & Deblois v. Their Creditors, was that when the last day of the term fell on a Sunday, it was not a "day allowed by law." The same reasoning was applied in Garland v. Holmes, thus: "Where the last day allowed [by law] * * * falls on a day of public rest," etc. Of course, it may be said —and in fact it is said by the French commentators—that there is no more reason for eliminating a dies non when it happens to be the terminal day than there would be for eliminating the intervening holidays. But that argument does not square with the rule which is perhaps universal, prevailing even in France, with regard to "delays of procedure," that it is only when a holiday is the terminal day that it is not counted. This rule is so consecrated in the jurisprudence of Louisiana that it may be considered bad form to look into the reason for it. We see no reason, in the law of this state, why the rule should not be applied to delays of prescription, as well as to delays of procedure. In the opinions of the judges in some of the states, the distinction which is made between delays of prescription and delays of procedure is based upon the fact that delays of prescription, as a rule, are longer than delays of procedure. But such distinctions make the law too indefinite, and inaccurate, as a science. The French commentators do not base their opinions upon any such distinction. Aubrey et Rau (5th Ed.) Vol. 2, p. 480, and Boileux, Vol. 7, p. 832, say:

"Every prescription, however short it may be, may come to its end on a holiday." There is no reason why it should be so in Louisiana. Statutes of limitation, by which, according to article 1758 of the Civil Code, civil obligations are merely converted into natural obligations, are favorable to the debtor, and are not to be construed rigidly against the creditor; because they take away a right by destroying the remedy.

■ Our answer to the question propounded by the judges of the Court of Appeal is that, in an action for tort, the filing of the suit and serving of the citation on the next day after the expiration of a year from the day on which the damage was sustained will interrupt prescription if the last day of the year was a dies non. According to the facts submitted by the Court of Appeal, the prescription was interrupted in this instance.