SARTAIN, Judge.
Appellant, Thomas P. Perkins, appeals from a decision of the Civil Service Com *117 mission, sustaining a motion for summary-dismissal of an appeal lodged before it on the grounds that the same was not timely filed.
Appellant was originally classified as Executive Assistant I in the office of the State Custodian of Voting Machines. As a result of an audit by the Department of the State Civil Service, this position was reallocated downward to the class of Accountant II. Appellant received notice by letter from the Director of Personnel of such reallocation on December 3, 1965. He filed his appeal with the Civil Service Commission on January 3, 1966.
In its opinion, the Civil Service Commission held, inter alia:
“A motion for Summary Dismissal of the appeal was filed by the Director of Personnel. The motion is predicated on Rule 13.12, which requires that the appeal be filed 'within thirty -30- days following the date on which * * * notice is given’ of the action complained against. Notice of the action complained against here was received December 3, 1965. No one argues that the appeal was filed within thirty calendar days after receipt of this notice.
■“Appellant does argue, however, that since January 1 and 2 were both holidays and the office of the Director of Personnel was closed, these terminal days should not be counted in computing the delay. This would be true if the rule used for computing delays employed by the civil courts of this State were applied to proceedings before this Commission. See Art. 5059 LCCP, which specifically excludes legal holidays under these circumstances. This Commission, however, has the constitutional power to enact rules of its own to govern the matters before it. Const. Art. XIV, Sec. 15(1). In the exercise of that power Rule 13.12 was adopted and it provides that an appeal must be filed within thirty days. Legal holidays are not excluded even though they he die terminal days of the delay. “Rule 13.19(D) and Rule 13.19(K) both adopt the general practice of the civil courts of this State in matters governing rules of evidence and the manner of conducting hearings and the taking of testimony. Since 13.12 and the question presented do not involve admission of evidence or the procedures for taking testimony, Rule 13.19(D) and 13.19(K) are not applicable. Moreover, the delay for filing in this proceedings is precisely covered by the Commission Rule 13.12 and, therefore, any rules applicable in civil trials could not be applied.
******
“The appeal was filed tardily and the motion for summary dismissal is well taken. The motion is granted and the appeal dismissed.”
Rule 13.12 of the Civil Service Commission, which was in effect and applicable at the time this instant matter was instituted, provides as follows:
'“No appeal shall be effective unless notice thereof is filed with the Director at his office in the Department of Civil Service at Baton Rouge, within thirty (30) days following the action complained against, or within thirty (30) days following appellant’s knowledge thereof, or where written notice is given of an action to be thereafter effective, within the thirty (30) days following the date on which such notice is given.” (Emphasis ours)
Appellant contends that the last two days of the thirty days allowed him within which to appeal the action complained of fell on a Saturday and Sunday, January 1 and 2, 1966, respectively, both legal holidays (LSA-R.S. 1:55), and that he had the balance of the day of January 3, 1966 available to him to lodge his appeal with the Commission.
We wish to specifically emphasize that we are here concerned solely with an interpretation of an existing rule of the Civil Service Commission. We are not con *118 fronted with an issue of whether or not the rule or the action of the Commission is arbitrary and capricious. The Constitution of this state, LSA-Const. Art. 14, § 15(1), clearly empowers the Commission to enact rules of its own and to govern matters before it. Rules enacted pursuant to this authority have the effect of law. Chadwick v. Dept. of Highways, 238 La. 661, 116 So.2d 286; Purdy v. Dept. of Revenue, 238 La. 673, 116 So.2d 290. Further, the find-, ings of fact by the Commission are final and appeals therefrom are limited to questions of law. LSA-Const. Art. 14, § 15(0) (1). However, it is equally clear that the interpretation and meaning of a rule of the Commission is a question of law. Bonnette v. Louisiana State Penitentiary, Dept. of Institutions, La.App., 148 So.2d 92; Hays v. Wild Life & Fisheries Commission, 136 So.2d 559, affirmed 243 La. 278, 143 So.2d 71; and, Scallan v. Dept. of Institutions, La.App., 143 So.2d 160.
The use of the word “within” followed by the number of days in denoting a period of time allowed for the performance of a judicial act is familiar terminology as old as the law itself. The cases interpreting the period of delay within which to act where the last day of the time allowed falls on a legal holiday echo throughout our jurisprudence. From Allen & Deblois v. Their Creditors, 8 La. 221 (1835) to Scalfano v. Doyal, La.App., 177 So.2d 398 (1965), the decisions have been uniform to the effect that where the last day allowed by law for taking any stated action in a judicial proceeding falls on a dies non, the action may be taken on the next day following.
A leading case in point is Mansur v. Abraham, 183 La. 633, 634, 164 So. 421 (Sup.Ct., 1935), where Chief Justice O’Niell, as author, reviews in detail the history and jurisprudence on the subject. The opinion states: (page 422)
“The rule has been established by a consistent line of decisions by this court, the earliest of which decisions was rendered more than a hundred years ago, that, when the last day of a term allowed by law for taking any stated action in a judicial proceeding falls on a Sunday or other legal holiday, the action may be taken on the next day following, as effectively as if taken on the day before the last day of the term. Allen & Deblois v. Their Creditors, 8 La. 221; Garland v. Holmes, 12 Rob. 421; State ex rel. Luling v. Judge, 24 La.Ann. 333; State ex rel. Duffel v. Marks, 30 La.Ann. 97; Catherwood & Co. v. Shepard, 30 La. Ann. 677; Metropolitan Bank v. Aarons-Mendelsohn Co., 50 La.Ann. 1047, 24 So. 125; Meyer v. Bichow, 133 La. 975, 63 So. 487; Kelly, Weber & Co. v. F. D. Harvey & Co., 178 La. 266, 151 So. 201, 203. See, also, Bernadas v. Miller, 13 La.App. 706, 129 So. 175, by the Court of Appeal for the parish of Orleans.”
Rule 13.12, as adopted by the Civil Service Commission, providing that “No appeal shall be effective unless notice thereof is. filed * * *, within -30- days * * * ” contains language that is both familiar and', historically significant. In the absence of any clarifying provisions to the contrary,, which we readily concede is within the authority of the Commission to enact, we must, assign .to its rule an interpretation that years of judicial review has accorded to-the use of similar language in laws applicable to delays.
Accordingly, the last two days within which appellant had to file an appeal’ with the Civil Service Commission having;fallen on a Saturday and Sunday, both legal holidays, his notice of appeal filed on the-next day, January 3, 1965, was timely.
For the above and foregoing reasons the judgment of the Civil Service Commission, sustaining a summary motion to dismiss is. reversed and this matter is hereby remanded; to said Commission for a hearing on the; merits.
Reversed and remanded.