LOTTINGER, Judge.
This is an action brought by Thomas P. Perkins for damages resulting from the failure of defendant, Ossie B. Brown, an attorney, to prepare and file an appeal on his behalf to the Civil Service Commission.
On December 22, 1966, the plaintiff-appellant, Thomas P. Perkins, brought suit against the defendant, Ossie B. Brown, for the sum of $10,275.00 alleging that on or about the 27th day of December, 1965, the defendant agreed personally to represent him in filing an appeal from an order demoting him in his employment with the State Custodian of Voting Machines. Plaintiff then alleged that on December 31, 1965, defendant contacted him and told him to file the petition for appeal himself, which plaintiff did on January 3, 1966, the office of the Director of Personnel being closed until that date due to the New Year’s holidays. A motion for summary dismissal was filed by the attorney for the Director of Personnel asserting that petitioner’s appeal was not timely having not been filed within thirty days but instead had been filed on the 31st day which was January 3, 1966. The hearing on the motion for summary dismissal fixed originally for February 16, 1966, was refixed for March 2, 1966. On February 29, 1966, Mr. Perkins went to defendant’s office and learned that another member of defendant’s law firm was going to represent him at the hearing before the Civil Service Commission. At the hearing which was again refixed from March 2 to March 1, 1966, a member of defendant’s law firm appeared to represent petitioner and petitioner’s appeal was dismissed by the Civil Service Commission as not having been timely filed. On April 13, 1966, plaintiff, by letter, discharged defendant from his employ and engaged the services of another attorney.
A general denial was filed to plaintiff’s original petition, and here matters rested in this suit from January 6, 1967, until May 14, 1969. In the interim, on March 13, 1967, this Court handed down a decision in the case of “Thomas P. Perkins v. Director of Personnel, et al,” Number 6886 on this docket, reported at 197 So.2d 116 La.App., wherein we held that the decision of the Civil Service Commission that the plaintiff’s appeal was not timely filed was in error, and that plaintiff’s appeal was timely filed, and we remanded the case for a hearing on its merits. Thereafter, plaintiff, represented by an attorney, had a hearing before the Civil Service Commission which upheld his demotion. An appeal was again taken to this Court being “Thomas P. Perkins v. Director of Personnel, et al,” Number 7392 on the docket of this Court, reported at 220 So.2d *581 253, La.App., wherein we reversed the Civil Service Commission and ordered the plaintiff reinstated in his former position with back pay. This decision was handed down on March 10, 1969.
Plaintiff on May 14, 1969, filed a supplementary and amending petition joining as an additional party defendant the St. Paul Fire and Marine Insurance Company, the legal malpractice insurer of defendant, and asked for an increase in damages to $28,810.00.
It was originally alleged that the failure of defendant to draft and file an appeal for petitioner within the proper delay period which he was bound to do by the express terms of his agreement entered into on or about December 27, as well as by the ethics and standards of his profession, directly and proximately resulted in petitioner being deprived of a hearing on the merits of his case before the Civil Service Commission as well as an opportunity to seek restoration of his former position and salary benefits. The supplemental and amending petition averred that the two appeals to the Court of Appeal were direct and proximate consequences of the initial negligent failure on the part of the defendant to file a timely appeal adequately stating all the grounds upon which petitioner was entitled to appeal. It was further alleged that as a result of such negligence, petitioner suffered extreme mental and physical anguish, embarrassment and humiliation during the protracted period of time during which the litigation was going on.
On May 22, 1969, a peremptory exception of no cause and/or right of action was filed by counsel for St. Paul Fire and Marine Insurance Company and Ossie B. Brown. This exception first pointed out that the original appeal of plaintiff as a matter of law was timely filed, which plaintiff admitted. Secondly it pointed out, as admitted by plaintiff, and as shown by the opinion of this Court, that plaintiff was reinstated to his former position and suffered no loss. The exceptions also asserted that in fact plaintiff had employed other counsel to represent him before the Civil Service Board and this Court. The Trial Court maintained these exceptions and dismissed plaintiff’s suit. From this dismissal plaintiff has perfected this devolu-tive appeal.
Under no circumstances can we visualize any loss having resulted to the plaintiff by virtue of the fact that the appeal was filed on January 3, 1966, inasmuch as this Court has decided in the case of Thomas P. Perkins v. Director of Personnel, et al, 197 So.2d 116 (La.App. 1st Cir., 1967) that the appeal was timely filed. This Court cannot speculate, as plaintiff would wish it to do, that if Mr. Brown had filed this appeal the ruling of the Civil Service Commission would have been different as to the timeliness of filing.
In his supplemental and amending petition Mr. Perkins alleges that because the defendant did not prepare the appeal, plaintiff was precluded from introducing certain evidence on his behalf. In Thomas P. Perkins v. Director of Personnel, et al, 220 So.2d 253 (La.App. 1st Cir., 1969) we found that as a matter of law the evidence by which Mr. Perkins is now complaining to this Court was not at issue. We there said at page 256:
“ * * * the question here is not one of discrimination, but rather of demotion without cause and reallocation without authority. In either event, appellant is entitled to be restored to his former position.”
In both of Mr. Perkins’ cases before this Court he was successful, and as a matter of law, the appeal he filed was in no way defective.
By his original and supplemental and amending petitions, the plaintiff as a matter of law has not shown that he has received any damages. It is very basic under LSA-C.C. Art. 2315, that for there to be a cause of action, the plaintiff must suffer some loss or receive some damage. Potter v. *582 Krown Drugs, 214 So.2d 198 (La.App. 4th Cir., 1968).
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All cost of this appeal to be paid by plaintiff-appellant.
Judgment affirmed.