O’NIELL, O. J.
 

 (dissenting). The facts alleged in the relator’s petition are admitted to be true, in the answer of the Democratic state central committee. The law on the subject is Act 97 of 1922, as amended by Act 215 of 1924, providing for the calling, holding, conducting and regulating of primary elections by political parties. By the third section of the act, the committee was required to meet on the 1st Tuesday in October, this year — that being the “October next preceding the date of the general state election” — and to issue a call for a primary election to nominate candidates for the Democratic party. The committee was required, by the same section of the act, to fix as the date of the primary election the third Tuesday in next January. Accordingly, the committee met on Tuesday, the 4th of October, and adopted a resolution, issuing the call for the primary election to be held on Tuesday, the 17th of January, 1928. The committee declared in its resolution that the time within which candidates for the several state offices might qualify, by filing their written notification and a deposit of $100, would expire at midnight on Tuesday, the 25th of October. James J. Bailey, who now holds the office of secretary of state, filed his notification and deposit with the chairman of the committee on the 14th of October; and James E. Dunshie filed his on the 25th. No other person qualified as a candidate for the office of secretary of state. Others, however, filed their notifications and deposits, as candidates for other state offices, on the 25th of October, and, as to five of them, protests were filed, either by members of the committee or by opposing candidates, the protests or objections toeing based solely upon the same ground on which Bailey objected to Dunshie’s candidacy; that is to say, that the time within which the notification and deposit should have been filed expired at midnight on Monday, the 24th of October. The committee convened within 48 hours, as required by the eleventh section of the act, to consider each of the protests and determine, as the statute says, whether or not the person applying to be a candidate was qualified. The first protest or objection taken up and considered by the committee was not Bailey’s but. one of the fiye others, against
 
 *963
 
 one of the candidates for another state office, and the committee decided and ruled, by a vote of 61 to 8, that the objection — -that the notification filed on the 25th of October was filed too late — was not well founded. Thereupon, all of the other protests or objections based upon that ground, except Bailey’s protest against the candidacy of Dunshie, were withdrawn, in deference to the committee’s ruling, because, of course, it seemed futile for the contestants or protestants to persist in an objection which the committee had just then overruled. All of the contestees except D.unshie were therefore declared qualified candidates for the nominations for the several state offices, other than the office of secretary of state, and the names of the candidates were ordered printed on the official ballot. Then the committee immediately took up for consideration Bailey’s protest against Dunshie’s candidacy, which was based upon identically the same objection which the committee had just overruled by a vote of 61 to 8, as to the other candidates against whom the objection was made; and, notwithstanding the committee had just declared, by a vote of 61 to 8, that the objection was not well founded, the committee sustained Bailey’s protest, by a vote of 43 to 25, and denied Dunshie the privilege of being a candidate for the party nomination for the office of secretary of state, in the primary election to be held on the 17th of January, 1928. The only objection made, and the objection sustained to Dunshie’s candidacy, was that he had filed his notification and deposit on the 25th instead of filing it on the 24th of October; and that is the objection which the committee held, at the same time and in the same meeting when the committee ruled upon Bailey’s objection ■ to Dunshie’s candidacy, was not well founded. All of that is admitted in the committee’s answer to this suit, without any pretense of justification or excuse whatsoever.
 

 The statute does not allow ■ an appeal • to the courts when the committee overrules an objection to the qualifications of a candidate and allows his name to be printed on the official ballot. It is only when the committee sustains an objection to the qualifications of a candidate that he may appeal to the courts. But it will not do to say that we have nothing to do with the committee’s ruling, on the objections to the five other candidates, that the notifications filed by them on the same date on which Dunshie filed his notification were filed in ample time. The ruling of the committee that the other candidates had filed their notifications in time shows that the committee had no just cause or reason whatever for depriving Dunshie of his privilege of being a candidate for the office to which he aspired.
 

 It is said in the majority opinion in this ease that, inasmuch as section 13 of the Act 97 of 1922 (as amended by Act 215 of 1924) declares that any person desiring to become a'candidate should file his notification and make Ijis deposit within 20 days from and after the issuing of the call of the said committee, therefore, Mr. Dunshie was charged with knowledge that the 20 days within which he might file his notification and make his deposit would expire at midnight on the 24th of October, “under the familiar principle that every one is presumed to know the law,” notwithstanding the resolution of the committee, which was the only authority for holding the primary election, announced to Mr. Dunshie and to the whole wide world that he might file his notification and make his deposit at any time before midnight on Tuesday, the 25th of October. I do not subscribe to that proposition, because the question of time at which the 20 days allowed for the candidates to file their notifications would expire was as much a question of fact as a question of law. It . appears now that the resolution of the committee, calling the primary election and allowing .the candidates to file their no
 
 *965
 
 tifications and deposits at any time before midnight on the 25th of October, was adopted on the 4th of October. If it had been adopted on the 5th of October, or after midnight on the night of the 4th, the 20 days within which candidates might have filed their notifications would have expired at midnight on the night of the 25th. ■ Dunshie was informed by the resolution of the committee that the 20 days would expire at midnight on the night of the 25th of October. He had the right to rely upon the resolution and was not required to investigate the date and hour at which the resolution was adopted, to determine whether the committee had made a mistake in its calculation that the-20 days would expire at midnight on the 25th of October. One of the candidates for state central committeeman, who is a very prominent attorney at law, who was once an Assistant Attorney General and afterwards city attorney for New Orleans, and is now commissioner of public finance, filed his notification on the 25th of October, and he was one of those whose candidacy was objected to because the notification was not filed before midnight on the 25th of October, and the committee ruled that he, as well as the four other eontestees, was right in relying upon the resolution of the committee.
 

 I concede that, if the resolution of the committee was adopted on the 4th of October, or before midnight that night, as I understand it was, the 20 days from and after' that date expired at midnight on the night of the 24th of October, 'but that was not a good or valid
 
 reason
 
 for the committee to rule Dunshie off of the ticket, without declaring the whole resolution invalid. As to that primary election, the interpretation which the committee put upon the statute ought to prevail. The committee had the right, by continuing its session beyond midnight on the 4th of October, to allow all candidates until midnight on the 25th to file their notifications.
 

 The principle of law, however, which ought to control this case, and which is well recognized in the jurisprudence of this court and of the Supreme Court of the United States is this: That when a department of the government, or a public board, or commission, or committee, is especially charged with the administration of any particular statute, the interpretation which that department or commission or committee gives to the statute is entitled to great weight, and the department or commission or committee cannot repudiate its interpretation of the statute when its repudiation would cause a great hardship or injustice to the public or to any individual.
 

 The committee’s calculation that the 20> days to be computed from the 4th of October would expire on the 25th was not a far-' fetched interpretation of the law. There are two articles of the Code of Practice (articles 180 and 318) which declare that, whenever the law allows a certain number of days in which a party may do a particular thing, the last one of the number of days is not to be counted. There are several, decisions by this court in which those articles of the Code have been construed to mean that in all such cases the law allows 1 day of grace. See Mr. Justice Marr’s concurring opinion in Catherwood v. Shepard, 30 La. Ann. 677. The later decisions are that there is no day of .grace in such eases. See Tessier v. Jacobs, ante, p. 239, 113 So. 833. But, with regard to the primary election to be held next January, either 'the resolution of the committee ought to be declared valid or it ought to be annulled entirely. In my judgment it ought to be declared valid.
 

 The district judge sustained an exception of nonjoinder of parties and compelled the plaintiff, Dunshie, to make James J. Bailey, individually, a party defendant. During the argument of the case I thought that the ruling was correct, but after reading the statute more carefully I have concluded that Bailey was not a necessary party to the suit. He
 
 *967
 
 had a selfish interest, of course, in having Dunshie ruled off of the ticket as an opponent, but he would have had no right to appeal to the courts if the committee hád refused to rule Dunshie, off of the ticket, and therefore it was not necessary that he should have been cited to defend the action of the committee in ruling Dunshie off of the ticket. That, however, is a matter of minor consideration in this case.
 

 My opinion also is that the statute did not allow Bailey or any one else to contest Dunshie’s candidacy by demanding that the committee repudiate that part of its resolution which allowed all candidates until midnight on the 25th of October to file their notifications. Section 11 of the act merely allows protests or objections to the
 
 qualifications
 
 of a candidate, viz.:
 

 “Said objection shall contain in detail the reasons why such other candidate is not a duly qualified candidate under the qualifications prescribed by the party calling the primary.”
 

 The section further provides that the committee, in passing on a protest or objection, shall merely determine “whether or not the person applying to be a candidate is qualified.” That means that the committee shall determine whether the person has the resi-' dence qualifications, has paid his poll taxes, is registered, and whether he is a white person, and a Democrat; etc. It does not mean that the committee has the right to
 
 disqualify
 
 a candidate by arbitrarily repudiating the resolution of the committee calling the primary election. It is admitted that Dunshie has all of the prescribed qualifications.
 

 There was something more important in this case than the contest between James J. Bailey and James E. Dunshie for the office of secretary of state. The important matter involved in the contest was the right of the people of Louisiana to elect their secretary of state, and the' rilling Of the committee, repudiating its resolution, deprived the electors of that privilege.
 

 For these reasons I respectfully dissent from the majority opinion and decree in this case.