615 So.2d 407 (1993)
William S. SMITH
v.
ODECO (UK), INC., et al.
No. 92-C-2711.
Court of Appeal of Louisiana, Fourth Circuit.
February 26, 1993.
Writ Denied April 30, 1993.
*408 Harvey J. Lewis, Lewis & Kullman, New Orleans, for plaintiff-respondent.
James H. Daigle, E. John Heiser, Lemle & Kelleher, New Orleans, for defendants-relators.
Before CIACCIO, ARMSTRONG and WALTZER, JJ.
WALTZER, Judge.
We are called upon to decide whether the District Court was correct when defendant's Exception of Prescription was overruled.

BACKGROUND
Plaintiff is a resident and citizen of the United Kingdom. He alleged that he was injured aboard the drilling rig OCEAN BOUNTY, a U.S. flag vessel owned by Odeco Alaska, Inc., on September 22, 1989. The vessel was engaged in exploration and development of offshore energy resources in waters overlaying the Continental Shelf off the coast of Spain.
Plaintiff filed suit on March 27, 1992, in the Civil District Court for the Parish of Orleans, 2½ years after the alleged accident. Subsequently plaintiff filed suit in the Sheriffdom of Grampian Highland and Islands of Aberdeen, Scotland against ODECO (UK), Inc. This petition was answered.
Defendants argue that the law of Louisiana applies to the suit filed in Orleans Parish and that the claim is barred by our prescriptive period of one (1) year. We disagree and affirm the trial court.
Defendants assert that Louisiana has no interest in this case, because plaintiff is a resident and domiciliary of the United Kingdom and that he worked out of the Aberdeen based ODECO (UK), Inc. office, took all of his orders from them regarding his work and that his injuries were treated in Spain and England. Defendants further assert that there are no facts and circumstances which bring the plaintiff under Paragraph 1 and 2 of C.C.Art. 3549.
"When the substantive law of this state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies.
When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:
(1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be applicable to the merits and maintenance of the action in this state is warranted by compelling considerations of remedial justice.
(2) If the action is not barred under the law of this state, the action shall be maintained unless it would be barred in the state whose law is applicable to the merits and maintenance of the action in this state is not warranted 1 by the policies of this state and its relationship to the parties or the dispute nor by any compelling considerations of remedial justice."
Defendants further claim that plaintiff may not assert claims or remedies under the Jones Act or general maritime law of the United States because 46 U.S.C.App. § 688 was amended in 1982 to preclude actions under the Jones Act or any other maritime law of the United States for maintenance and cure or for damages for the injury or death of a person who is not a citizen or permanent resident alien of the United States at the time the incident giving *409 rise to the action.... Id. Defendants further insist that Smith had remedies available to him in the United Kingdom and Spain, hence 46 U.S.C.App. § 688(b)(2) is likewise unavailable to him. Defendants further aver that since ODECO (UK), Inc. is "domiciled" in Scotland, that this was the sole and proper jurisdiction in which to sue all the defendants. Rule 2(15)(a) of the Civil Jurisdiction and Judgment 1982 Act regarding the jurisdiction of Scottish Courts provides that "a person may also be sued where he is one of a number of defendants, in the courts for the place where any one of them is domiciled."
Lastly, defendants assert that this cause has prescribed under Spanish law (where the accident occurred); has prescribed under Louisiana and British law.

PRESCRIPTION
If the merits of the instant claim would be governed by Louisiana law, the Louisiana prescriptive period of one (1) year for tort would apply. La. C.C.Art. 3492. However, there is no dispute between the parties that the substantive law of the United Kingdom applies to the plaintiff's action. Therefore, C.C.Art. 3549 Sec. 2 defines the applicable prescriptive period. The comments to this article define the phrase "maintenance of the action in this state is warranted by compelling considerations of remedial justice." Comment (f) to article 3549 refers to the 1987 Revision of § 142 of the Restatement, Second, of Conflict of Laws, and refers to cases where "through no fault of the plaintiff an alternative forum is not available as, for example, when jurisdiction could not be obtained over the defendant in any state other than the forum...." (emphasis supplied).
The prescriptive period of the United Kingdom is three (3) years. The prescriptive period has been interrupted by the filing of the lawsuit on September 22, 1989 in Aberdeen. ODECO (UK) Inc. answered the suit and has not invoked any defense of prescription.

JURISDICTION
The defendants in this lawsuit are incorporated under Delaware law and they are registered to do business in Louisiana. All of the defendants have their corporate offices located in New Orleans, La. The pleadings and affidavits show that when plaintiff filed suit in Aberdeen, Scotland, ODECO (UK), Inc. could not be located at its registered address. An additional attempt to serve the corporation resulted in the discovery that ODECO (UK), Inc. no longer did business there and that the premises were now occupied by a company named Diamond M-ODECO Inc. which existed in the United Kingdom in name only, and no management and control of the company was exercised there. The affiant further states that the Scottish Courts could thus decline jurisdiction. The affiant further avers that he is "not aware of any reasonable grounds on which it would be open to Mr. Smith to sue any co-defender in Scotland in respect to this accident."
The Rules governing civil jurisdiction in Scotland are contained in Schedule 8 of the Civil Jurisdiction and Judgment Act 1982. The domicile of a corporation is covered in particular in Sec. 42 of the 1982 Act which states inter alia
Domicile and seat of a corporation or association
42.(1) For the purposes of this Act the seat of a corporation or association (as determined by this section) shall be treated as its domicile.
(2) The following provisions of this section determine where a corporation has its seat
....
(3) A corporation or association has its seat in the United Kingdom if and only if
(a) it was incorporated or formed under the law of a part of the United Kingdom and has its registered office or some other official address in the United Kingdom; or
(b) its central management and control is exercised in the United Kingdom.....
(6) Subject to subsection (7), a corporation or association has its seat in a state *410 other than the United Kingdom if and only if
(a) it was incorporated or formed under the law of that state and has its registered office or some other official address there; or
(b) its central management and control is exercised in that state.
The record reflects that ODECO (UK) has no "management and control" whatever in Aberdeen. Additionally, ODECO (UK), Inc. is not subject to the jurisdiction of Scottish courts. Section 42(6) provides an additional bar to jurisdiction because ODECO (UK) is domiciled in a state other than the United Kingdom. In order for plaintiff to sue all defendants in the United Kingdom, at least one of them has to be domiciled there. Since ODECO (UK), Inc. does not have its seat in the United Kingdom, does not have its "central management and control" in the United Kingdom, Scottish courts also have no jurisdiction over the remaining non-domiciled defendants.

CONCLUSION
The instant suit when filed in Louisiana had not prescribed under the laws of the United Kingdom. Louisiana is the only forum where a suit may be maintained against all the defendants, with their principal offices at 1600 Canal Street, New Orleans, La. and incorporated under Delaware law.
In the absence of an alternative forum in which there is jurisdiction over all defendants, "compelling considerations of remedial justice" exist which warrant maintenance of this suit in Louisiana.
The judgment overruling the plea of prescription is AFFIRMED.
APPLICATION FOR SUPERVISORY WRITS GRANTED. RELIEF DENIED. TRIAL COURT JUDGMENT AFFIRMED.