**Brian C. SEAGRAVE**

v.

**DELTA AIRLINES, INC.**

**Civ. A. No. 93–4291.**

United States District Court, E.D. Louisiana.

April 6, 1994.

Michael Gregory Cordes, Young, Richaud, et al, New Orleans, LA, for plaintiff.

William V. Dalferes, Jr., James M. Garner, McGlinchey, Stafford, et al, New Orleans, LA, for defendant

### ORDER AND REASONS

LIVAUDAIS, District Judge.

Defendant Delta Air Lines, Inc. ("Delta") has filed a motion to dismiss plaintiff's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted because it alleges that plaintiff's claim is prescribed. Plaintiff Brian Seagrave ("Seagrave") opposes the motion.

On December 31, 1991, Seagrave, then a Virginia citizen and resident, claims that while on a Delta return flight to Virginia from the Dulles Airport he struck his head on a retractable video monitor which was used "to explain the various safety and exit features of the aircraft." He had purchased the ticket in Virginia. He received medical treatment in Virginia and submitted an informal claim to Delta for this accident. Delta established a claim file for this accident, corresponded with the plaintiff in Virginia, and obtained medical reports from the plaintiff's Virginia doctors. Approximately fifteen months after the accident, Seagrave moved to Louisiana. While his medical problems persist, the majority of his medical treatment was rendered in Virginia and he has received minimal medical treatment in Louisiana.

Delta has moved to dismiss the plaintiff's claim because under Louisiana law, the claim is prescribed as the prescriptive period for a tort claim is one year. LSA–C.C. art.

3492. It argues that Louisiana substantive law applies to this claim and alternatively, that even if Virginia law governs the merits of the law, the Louisiana prescriptive period of one year will bar the claim. Thus, the first dilemma to be resolved is what state's law is applicable to this dispute. Since this is a diversity claim, this Court must follow the conflicts of law principles of the forum state, Louisiana. *Sandefer Oil & Gas, Inc. v. AIG Oil Rig of Texas, Inc.*, 846 F.2d 319 (5th Cir.1988).

Louisiana conflicts principles were revised and reenacted in 1991 and are embodied in the Louisiana Civil Code. Section 4 of Acts 1991, No. 923, which enacted the new code articles, specified that "[t]his Act shall become effective on January 1, 1992, and shall apply to all actions filed after that date." This action was filed on December 30, 1993 and thus the new conflicts articles are applicable.

General conflicts principles are governed by article 3515, which states:

Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectation of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

LSA–La.Civil Code (West 1994).

The more specific conflicts rules relating to tort actions are contained in Civil Code article 3542, which provides in pertinent part:

Except as otherwise provided ..., an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

LSA–La.Civil Code (West 1994).

█ It is not a far stretch to conclude that Virginia has the most significant relationship to this suit. At the time the accident occurred, the plaintiff was a Virginia citizen residing in Virginia. He received the vast majority of his medical treatment in Virginia and thus most, if not all, of the medical witnesses reside in Virginia. Mr. Seagrave purchased the airline ticket in Virginia. The round-trip flight began in Virginia and the plaintiff was returning to Virginia when he was injured. Plaintiff resided in Virginia for fifteen months after the accident. The only fortuitous connection this suit has with the state of Louisiana is that the plaintiff moved to Louisiana, apparently for reasons unrelated to this lawsuit, over one year after the accident, and chose, for unknown reasons, to file this action in Louisiana federal court.

Article 3542(2) states in plain language that the "policies of deterring wrongful conduct and of repairing the consequences of injurious acts" should be evaluated, as well as the article 3515 considerations of "upholding the justified expectations of the parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state." Both the states of Virginia and Louisiana have an abiding interest in deterring a tortfeasor from committing a wrongful act and ensuring that tortiously injured citizens be compensated for their injuries, as both states allow for tort recovery of damages by injured litigants. Both the states of Virginia and Louisiana have statutes of limitation which protect their citizen defendants from untimely lawsuits.

Since the defendant Delta is a foreign corporation to both Virginia and Louisiana, which conducts business in both these jurisdictions, but apparently was not incorporated in nor does it have its principal place of business in either, the legitimate interest which both states have in protecting their citizen defendants does not override their interest in deterring wrongful conduct and repairing the consequences of injurious acts. This is not to say that both Virginia and Louisiana have no interest in attracting foreign corporations such as Delta to their states to conduct business, and thus affording them the benefits of prescriptive laws, but merely to recognize that such interest would not be paramount over the interest of the states in protecting their own citizens.

Thus, upon examining the considerations outlined by Civil Code articles 3515 and 3542, the conflicts principles of the forum state, this Court concludes that the substantive laws of the state of Virginia are applicable to the merits of the plaintiff's tort claim for damages. The inquiry does not end here. Louisiana Civil Code article 3549, which addresses the issue of conflicts between the statute of limitations laws in circumstances where a suit which is governed by the substantive law of one state is filed in this state, provides in relevant part:

When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:

(1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be applicable to the merits and maintenance of the action in this state is warranted by compelling considerations of remedial justice.

LSA–La.Civil Code (West 1994).

█ Under Louisiana law, the statute of limitations for a tort or delictual action is one year which commences to run from the day injury or damage is sustained. LSA–La.Civil Code art. 3492. Mr. Seagrave was injured on December 31, 1991, and did not file suit until December 30, 1993. Undoubtedly, the plaintiff's suit would be barred under Louisi-

ana law, but not under Virginia law, which provides for a two year statute .of limitation in a personal injury action. Va.Civil Remedies and Procedure Sect. 8.01–243(A). Since the Court has already determined that Virginia law is applicable to the merits of the action, the outcome-determinative issue is whether "maintenance of the .action in this state is warranted by compelling considerations of remedial justice." LSA–C.C. art. 3549(1).

Admittedly, there is little case law on the subject, but interestingly, this Court has recently been faced with the same question. The plaintiff in *Skyrme v. Diamond M/ODECO Drilling Co.,* (unpublished op.) No. 92–3815, 1994 WL 33980 (Livaudais, J.) (E.D.La. Feb. 2, 1994), was a resident of Brazil seeking the application of Brazilian substantive law, as well as its 20 year statute of limitations, in an action brought in Louisiana federal court against a corporation doing business in Louisiana. Having been faced with this same issue of determining "whether compelling considerations of remedial justice" dictated this Court to maintain the action, this Court reviewed the 1991 Revision Comments to Louisiana Civil Code article 3549. The Comments note:

> The second necessary prerequisite to the application of the exception is that 'maintenance of the action in this state is warranted by compelling considerations of remedial justice.' This language is borrowed from the 1987 Revision of § 142 of the Restatement, Second, of Conflict of Laws. The examples given by the Restatement are pertinent to the application of this provision and illustrate its exceptional character. These examples refer to cases where 'through no fault of the plaintiff an alternative forum is not available as, for example, where jurisdiction could not be obtained over the defendant in any state other than the forum or where for some reason a judgment obtained in the other state having jurisdiction would be unenforceable in other states ... also situations where suit in this alternative forum, although not impossible would be extremely inconvenient for the parties.' Restatement (Second) of Conflict of Laws, 1986 Revisions, § 142 comment f (Supp. March 31,

1987). As might be surmised from the initial phrase of the quotation, none of these examples should be seen as requiring the forum to entertain an action solely because it is time-barred in all or most other states.

Revision Comments, 1991, LSA–R.S.C.C. art. 3549 (West.1993 P.P.).

Given this enlightenment, as well as the discussion of this principle in *Smith v. Odeco,* 615 So.2d 407 (La.App. 4th Cir.), *writ denied,* 618 So.2d 412 (La.1993), where the Court found the requisite "compelling considerations" because there was no forum other Louisiana where the suit could be maintained against all defendants, the Court cannot find that "compelling considerations of remedial justice" warrant maintaining this action in this forum. The only suggestions which plaintiff offers as to the existence of such considerations are the cost and inconvenience of having to file suit in Virginia after he moved to Louisiana. After reading the plaintiff's memorandum in opposition to the motion to dismiss, however, Mr. Seagrave persuaded the Court that it is more costly and inconvenient to try the suit here, since most all relevant medical witnesses are located in Virginia and "all conduct between the parties is Virginia based." The fact witnesses will likely be located either in Virginia (such as return trip passengers) or some other locale equally inconvenient to both Louisiana and Virginia. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, (Feb. 22, 1994) p. 3.

■ Neither, however, does the Court find dismissal to be in the interests of justice, as it might create prescription problems for the plaintiff in Virginia, and it is plain that the suit could have been filed in Virginia. 28 U.S.C. § 1404(a) addresses the type of problem facing the Court here, providing that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Inasmuch as the plaintiff might have brought suit in Virginia, he formerly resided in Chantilly, Virginia, located in Fairfax County, which is situated in the Eastern

District, this action shall be transferred to the United States District Court for the Eastern District of Virginia. 28 U.S.C. § 127(a). This Court recognizes that Louisiana Civil Code article 3549 contemplates the dismissal of the action. However, given Louisiana's strong policy of providing remedies to tortiously injured plaintiffs and deterring wrongful conduct (codified in LSA–C.C. art. 3542) and the practical solution offered by 42 U.S.C. § 1404(a), the Court finds that a transfer comports with both the directive of article 3549 and the interests of justice.

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of defendant Delta Air Lines, Inc., to dismiss be and is hereby **DENIED;**

**IT IS FURTHER ORDERED** that this action be and is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).