United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-30194

MICHAEL F. HENRY,

Plaintiff-Appellant,

versus

DUANE MORRIS, LLP,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2-03-CV-2363

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

INTRODUCTION

Duane Morris, LLP ("Duane Morris"), represented Michael Henry in litigation against Cisco Systems, Inc. ("Cisco"). That lawsuit was dismissed because it was time barred, and Henry filed the instant malpractice suit seeking damages from Duane Morris. The district court dismissed the malpractice suit because it is time barred by Louisiana law. Henry appeals, arguing that Illinois law should govern the claim. We affirm the district court.

---

[*]Pursuant to 5ᵗʰ Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵗʰ Cir. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

Henry, a Louisiana citizen, hired the law firm of Duane Morris, LLP, in 2000 to represent him in litigation against Cisco. This underlying suit (the "Cisco litigation") was filed on November 28, 2000, in district court in Louisiana based on diversity jurisdiction and involved many claims, including defamation and fraudulent inducement. An amended complaint was filed on February 12, 2001, alleging a theory of continuing tort, in an attempt to overcome an apparent prescription problem. As part of the discovery leading up to the amended complaint, the district court ordered some documents to be filed under seal and allowed only counsel, not Henry, to have access to the documents. Cisco filed a motion to dismiss on September 19, 2001, based on privilege and prescription. The district court granted the motion on February 3, 2006. Henry timely appealed to this court, which affirmed the district court's dismissal. *Henry v. Cisco Systems, Inc.*, 106 F. App'x 235 (5th Cir. 2004).

Duane Morris did not represent Henry throughout the Cisco litigation. During the course of the proceedings, Henry became dissatisfied with Duane Morris and hired new counsel. By October 25, 2001, Henry complained to Duane Morris about concerns with their performance, instructed them to stop working on the case, and retained a new lawyer. Duane Morris considered the representation officially over on January 21, 2002, when Henry ordered the firm to release the Cisco litigation files to his new counsel.

In early 2002, Henry consulted a lawyer specifically for the purpose of bringing a malpractice suit against Duane Morris. After this meeting, Henry sent emails to Duane Morris telling the firm that he intended to file a lawsuit and intimating that he would file such a lawsuit in Louisiana. The complaint against Duane Morris was filed on August 21, 2003, in district court in Louisiana. On a

2

summary judgment motion, the district court determined that Henry's malpractice claim was time barred under Louisiana law and dismissed the claim. Henry appeals to this court.

DISCUSSION

This court reviews the grant of summary judgment de novo. *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 485 (5th Cir. 2001). This court also reviews the district court's determination of state law de novo. *Id.* When a federal court sits in diversity, it applies the choice of law rules of the forum state. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Choice of law in civil suits in Louisiana is generally governed by LA. CIV. CODE ANN. art. 3542.[1] This court applies, as the district court did, Louisiana's choice of law rules.

The Louisiana law of prescription/peremption should generally be applied to all civil suits brought in Louisiana courts, regardless of which state's law applies to the underlying substance of the suit. LA. CIV. CODE ANN. art.3549. If a suit would be time barred under Louisiana law but not under the laws of the state whose law applies to the substantive conflict, the suit may be maintained if "compelling considerations of remedial justice" warrant it. *Id.* It is not necessary at the outset to determine whether Louisiana or Illinois malpractice law applies to this cause of action. First, it must

---

[1]The statute provides that the law to be applied should be "the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." LA. CIV. CODE ANN. art. 3542. In order to make this determination, courts should consider "the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered," as well as the policy goals of deterring wrongful conduct, providing damages for injury, and protecting the parties' justified expectations. *Id.*

be determined if the suit can be maintained at all in light of Louisiana's statute-of-limitations-like rules.

If the law of Louisiana applies to this claim, then there is no question that the prescription/peremption laws of Louisiana would apply. LA. CIV. CODE ANN. art. 3549(A). If the law of Illinois applies to this claim, Louisiana prescription/peremption law would still apply to this claim unless the action would be allowed by Illinois law[2] and "compelling considerations of remedial justice" favor allowing the suit to progress. LA. CIV. CODE ANN. art. 3549 (B)(1).

Henry must show that the interests of justice favor the adjudication of his claim. Generally, Louisiana courts have interpreted this provision very narrowly, giving it effect only where "the most extraordinary of circumstances" are present. *Brown v. Slenker*, 220 F.3d 411, 420 (5th Cir. 2000) (citing *Landry v. Ford Motor Co.*, No. MDL-1063, 1996 WL 661052, at *3 (E.D. La. Nov. 12, 1996) (interpreting the official comments on LA. CIV. CODE ANN. art. 3549)). The provision is based on the Restatement (Second) of Conflict of Laws and takes its meaning from that document. 1991 REVISION COMMENTS TO LA. CIV. CODE ANN. ART. 3549; *see also Brown*, 220 F.3d at 420. The Restatement suggests relief would be appropriate when "through no fault of the plaintiff an alternative forum is not available . . . where jurisdiction could be obtained over the defendant . . . or where for some reason a judgment obtained in the other state having jurisdiction would be unenforceable in other states." REST. (SECOND) OF CONFLICT OF LAWS, § 142 cmt. f (1986 Rev. Supp. Mar. 31,

---

[2]The law of Illinois would allow the maintenance of the suit because Illinois has adopted a rule that its two-year statute of limitations does not begin to run until a trial court enters a final judgment. *See Lucey v. Law Offices of Pretzel & Stouffer*, 703 N.E.2d 473, 479 (Ill. App. Ct. 1998); *see also Praxair, Inc. v. Hinshaw & Culbertson*, 235 F.3d 1028, 1032 (7th Cir. 2000). Because the trial court in this case entered judgment on August 27, 2002, Henry's suit filed on August 21, 2003, would be timely.

1987). "In cases where plaintiffs have litigated their claims in Louisiana by choice, not by necessity, claims of 'compelling considerations' warranting maintenance of the suit in Louisiana have been consistently rejected." *Brown*, 220 F.3d at 420 (citing *Seagrave v. Delta Airlines, Inc.*, 848 F.Supp. 82, 83-84 (E.D. La. 1994); *Skyrme v. Diamond Offshore (U.S.A.), Inc.*, No. 94-1110, 1994 WL 320928, at *2-*3 (E.D. La. June 30, 1994); *Landry*, 1996 WL 661052, at *2; *Amaro v. Marriott Residence Inn*, No. 94-3465, 1995 WL 91132 (E.D. La. March 1, 1995)). Because Henry specifically chose to file suit in Louisiana, Louisiana's prescription/peremption law applies to this claim even if Illinois malpractice law applies to the substance of the claim.

Next, we must consider which prescriptive period applies to this case. When reviewing a district court's determination of state law while sitting in diversity, this court should resolve any questions of Louisiana law "the way the Louisiana Supreme Court would interpret the statute based upon prior precedent, legislation, and relevant commentary." *Stephens v. Witco Corp.*, 198 F.3d 539, 541 (5th Cir. 1999).

LA. REV. STAT. ANN. § 9:5605 is Louisiana's statute governing the prescriptive period for malpractice suits. The statute applies to "any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law." *Id.* Duane Morris is not licensed to practice as a firm in Louisiana. Henry urges that this provision should only be applied to attorneys licensed to practice in Louisiana, while Duane Morris argues that it should be applied to anyone not prohibited from practicing in Louisiana. The Louisiana Supreme Court has not decided this issue.

5

Because there is no guidance on the applicability of § 9:5605 to the facts at issue here, we decline to determine how the Louisiana Supreme Court would rule on this issue. *See, e.g., In re Whitaker Constr. Co., Inc.*, 411 F.3d 197, 209 n.4 (5th Cir. 2005). Instead, we apply the more general, one-year prescriptive period in LA. CIV. CODE. ANN. art. 3492, which applies if a more specific peremptory period does not apply. *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 353-54 (La. 1992). The doctrine of *contra non valentem* is applicable to this prescriptive period. *Id.* at 354. Therefore, if Henry could show that he was unaware of his cause of action until a year before the date he filed the malpractice suit, he could escape the application of article 3492. In *Harvey*, the Louisiana Supreme Court interpreted article 3492's application to a malpractice claim that arose prior to the passage of § 9:5605 and held that a claim arose when the plaintiff began suffering damage from a known act of malpractice. *Id.* at 355. The court held that the requisite harm to the plaintiff began accruing when the plaintiff began to incur legal expenses as a result of investigating and correcting the malpractice. *Id.* In this case, that would be when Henry hired new counsel in October 2001. Therefore, Harvey's claim of action accrued over one year before he filed the malpractice complaint in August 2003.[3] Even if article 3492 applies, Henry filed his malpractice suit after the prescriptive period had run.[4]

CONCLUSION

---

[3]Because of the amended complaint, Henry could argue that Duane Morris was engaged in a continual representation of him such that Duane Morris prevented him from pursuing his claim by assuring him that they would fix the malpractice. *See Lima v. Schmidt*, 595 So.2d 624, 630 (La. 1992). However, Henry hired a new lawyer and ceased all contact with Duane Morris by January of 2002 at the latest, meaning that any possible *contra non valentem* exception under *Lima* still does not render Henry's suit timely.

[4]The documents filed under seal in the Cisco litigation are irrelevant because they had no effect on Henry's knowledge of Duane Morris's alleged malpractice.

6

Because Henry filed his malpractice suit after the prescriptive/peremptive period allowed by Louisiana law, we affirm the district court's dismissal of this case.