# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2010

No. 10-30069
Summary Calendar

Lyle W. Cayce
Clerk

MARY ANN TIGERT,

Plaintiff–Appellant

v.

AMERICAN AIRLINES INC.; DAL GLOBAL SERVICES, L.L.C.,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-cv-00958

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mary Ann Tigert appeals the district court's dismissal with prejudice of her negligence suit against American Airlines, Inc. ("American") and DAL Global Services, L.L.C. ("DAL"). The district court found that Louisiana's one-year prescriptive period applied to Tigert's case rather than California's two-year prescriptive period, and that Tigert's claims were thus time-barred because she filed her complaint more than a year after her injury. The district court also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30069

denied Tigert's request to transfer her case to a district court in California under 28 U.S.C. § 1404(a).

On appeal, Tigert argues that the district court (1) failed to take into account Louisiana's practice of "strictly construing" prescriptive statutes in favor of allowing, rather than denying, a suit to proceed; (2) abused its discretion by denying her request for a transfer; and (3) abused its discretion by entering its dismissal with prejudice rather than without.  Because (1) the district court correctly applied Louisiana's choice of law provision to prescriptive periods, (2) a transfer would not affect the timeliness of her claim, and (3) the *res judicata* effect of the district court's dismissal does not turn on whether it was with or without prejudice, we affirm the district court's dismissal.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2007, Tigert arrived at the Oakland, California airport for a return flight with American Airlines to Shreveport, Louisiana, after visiting her son. Due to her disability, American provided Tigert with a wheelchair upon her arrival.  An individual named "Bonita" pushed Tigert's wheelchair to the airport's security checkpoint.

At the checkpoint, security officials conducted a further examination of Tigert's "C-Pap Machine."  Security personnel took the C-Pap Machine to a nearby table, and Bonita instructed Tigert to walk toward it.  As she did, Bonita gathered Tigert's carry-on bag and placed it on the floor behind Tigert.

After security personnel informed Tigert that she could return to her seat, Tigert turned and tripped over her carry-on bag, injuring her right knee.  Tigert boarded the plane to Shreveport, and upon arrival, her knee injury had manifested to a degree requiring medical attention.  In August 2007, Tigert received injections to help alleviate the injury, and later that month, underwent arthroscopic surgery.

2

No. 10-30069

On June 11, 2009, Tigert filed a negligence suit in the district court for the Western District of Louisiana against American and DAL for their collective failure "to protect her by properly controlling, guarding, watching, and protecting her safety during the transportation of her through airport facilities." American and DAL filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Louisiana's one-year prescriptive period for delictual actions time-barred her suit. The district court agreed, and dismissed Tigert's suit with prejudice, despite her request for a transfer to an appropriate district court in California. Tigert timely appealed.

## II. STANDARD OF REVIEW

We review *de novo* the district court's dismissal of Tigert's action as time-barred under Rule 12(b)(6). *Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000) (citing *Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 398 (5th Cir. 1998)). We accept as true all well-pleaded facts and view them in the light most favorable to Tigert. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [Tigert] must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We review the district court's decision whether to transfer a case pursuant to § 1404(a) for abuse of discretion. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 n.3 (5th Cir. 1997). Likewise, we review "the district court's decision to grant a motion to dismiss with or without prejudice only for abuse of discretion." *Club Retro, LLC v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009) (citing *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

## III. ANALYSIS

On appeal, Tigert advances three arguments. First, she contends that the district court should have applied California's two-year prescriptive period rather than Louisiana's one-year prescriptive period. Next, she argues that, in

3

lieu of dismissing her suit with prejudice, the district court should have transferred her case to an appropriate federal court in California. Finally, Tigert asserts that the district court should have dismissed her suit without prejudice, which would have allowed her to pursue her action in California and escape Louisiana's time bar. We address each argument in turn.

## A.    Louisiana's One-Year Prescriptive Period

Tigert contends that the district court misapplied Louisiana's conflict of law and prescription principles when it held that her suit was time-barred. Specifically, Tigert argues that Louisiana has a policy of "strictly interpreting" prescriptive periods in favor of maintaining, rather than dismissing, an action where two permissible views involving prescription are available. Tigert also argues that even if Louisiana's choice of law provision mandates that Louisiana's prescriptive period applies, she has demonstrated that "compelling considerations of remedial justice" favor applying California's prescriptive period. LA. CIV. CODE ANN. art. 3549(B).

Louisiana law states that "delictual actions are subject to a liberative prescription of one year," which "commences to run from the day injury or damages is sustained." *Id*. art. 3492. California law, on the other hand, provides a two year statute of limitations for any "action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." CAL. CIV. PROC. § 335.1. Because Tigert filed this diversity suit in Louisiana, we are bound to follow Louisiana's choice of law rules. *See Marchesani v. Pellerin-Milnor Corp*., 269 F.3d 481, 486 (5th Cir. 2001) (citation omitted). Louisiana's choice of law provision provides that "[w]hen the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies." LA. CIV. CODE ANN. art. 3549(B).

No. 10-30069

Article 3549(B), however, incorporates a relevant exception: if Louisiana law prescribes a cause of action, but the law of the state whose law applies to the substantive conduct would find the action timely, the suit may be maintained as timely in a Louisiana court if maintenance in Louisiana is "warranted by compelling considerations of remedial justice." "There is no question that the authors of the 'compelling considerations of remedial justice' exception intended it to be used in only the most extraordinary of circumstances." *Brown*, 220 F.3d at 420 (citation omitted). Comment f to article 3549 describes examples of "compelling considerations" as those

> where through no fault of the plaintiff an alternative forum is not available as, for example, where jurisdiction could not be obtained over the defendant in any state other than the forum or where for some reason a judgment obtained in the other state having jurisdiction would be unenforceable in other states, [and] . . . also situations where suit in this alternative forum, although not impossible would be extremely inconvenient for the parties.

(citation and internal quotation marks omitted). "In cases where plaintiffs have litigated their claims in Louisiana by choice, not by necessity, claims of 'compelling considerations' warranting maintenance of the suit in Louisiana have been consistently rejected." *Brown*, 220 F.3d at 420; *see id.* (noting that "[o]nly one case has found compelling considerations of remedial justice," and in that case, "Louisiana was the only forum in which suit could be maintained, because it was the only forum in which jurisdiction could be obtained over all the defendants") (citing *Smith v. Odeco (UK) Inc.*, 615 So. 2d 407, 409 (La. Ct. App. 1993)).

Here, Tigert has not demonstrated "compelling considerations of remedial justice" that would be served by maintenance of her action in Louisiana. *See* LA. CIV. CODE ANN. art. 3549. California provides the locus of the alleged injury causing conduct and the place of the injury, and Tigert has not alleged that her decision to litigate her negligence claim in Louisiana was based on necessity

No. 10-30069

rather than choice. *See Brown*, 220 F.3d at 420. Simply put, Tigert has not alleged any inconvenience that rises to the extraordinary level necessary to trigger article 3549's "compelling considerations of remedial justice" exception to its prescriptive period choice of law provision.

Tigert's argument that Louisiana strictly construes prescriptive statutes in favor of maintaining, rather than dismissing, an action, lacks merit. The district court did not interpret Louisiana's prescriptive statute, LA. CIV. CODE ANN. art 3492; rather, it interpreted Louisiana's choice of law provision, which mandates that Louisiana's prescriptive period applies to all cases filed in Louisiana courts, irrespective of the underlying substantive law. *See id.* art. 3549. The cases Tigert cites for her argument do not consider whether Louisiana courts should apply another state's prescriptive period; instead, they address instances in which a person cannot bring a suit for a period of time;[1] a plaintiff's complaint identifies two causes of action, each susceptible to a different prescriptive period;[2] or a question arises as to interruption or suspension of a prescriptive period.[3] Finally, Tigert's contention that her inconvenience, when coupled with Louisiana's strict construction principles, rises to the level of a compelling consideration of remedial justice, entirely lacks support in Louisiana caselaw.

---

[1] *Carter v. Haygood*, 892 So. 2d 1261, 1268 (La. 2002) ("To soften the occasional harshness of prescriptive statutes, our courts have recognized a jurisprudential exception to prescription: *contra non valentem non currit praescriptio*, which means that prescription does not run against a person who could not bring his suit.").

[2] *United Carbon Co. v. Miss. River Fuel Corp.*, 89 So. 2d 209, 211–12 (La. 1956) (holding that a claim was for enforcement of a contract rather than on an open account).

[3] *Foster v. Breaux*, 270 So. 2d 526, 529–30 (La. 1972) (holding that a filing was timely because the plaintiff filed in a court of competent jurisdiction and the defendant had waived an objection to improper venue, which interrupted the prescriptive period); *Mansur v. Abraham*, 164 So. 421, 425 (La. 1935) (holding that plaintiff timely filed because prescription does not run where the last day falls on a Sunday or a legal holiday).

6

The district court correctly determined that Louisiana's one-year prescriptive period applied to Tigert's suit. Because Tigert's injury accrued on July 11, 2007, her filing on June 11, 2009 was time-barred. We thus hold that the district court correctly dismissed Tigert's suit as untimely.

**B.     Transfer under 28 U.S.C. § 1404(a)**

In the alternative, Tigert argues that the district court should have transferred her case to a district court in California. In support, she cites *Seagrave v. Delta Airlines, Inc.*, in which a district court, after finding that Louisiana's prescriptive period barred the plaintiff's claim in Louisiana, transferred the case to a federal court in Virginia, which had a prescriptive period that had not yet expired. 848 F. Supp. 82, 85–86 (E.D. La. 1994). The *Seagrave* court found that a dismissal was not "in the interests of justice, as it might create prescription problems for the plaintiff in Virginia, and it is plain that the suit could have been filed in Virginia." *Id*. at 86. Although the *Seagrave* court "recognize[d] that Louisiana Civil Code article 3549 contemplates the dismissal of the action," it concluded that "a transfer comports with both the directive of article 3549 and the interests of justice," especially considering "Louisiana's strong policy of providing remedies to tortiously injured plaintiffs and deterring wrongful conduct (codified in [LA. CIV. CODE ANN.] art. 3542) and the practical solution offered by 42 U.S.C. § 1404(a)." *Id*.

Although factually analogous to Tigert's case, here, the district court correctly noted that the *Seagrave* court failed to consider the effect of the Supreme Court's decisions in *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990), and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 244 n.8 (1981). *Ferens* held that a transferee forum must "apply the law of the transferor court, regardless of who initiates the transfer. A transfer under § 1404(a), in other words, does not change the law applicable to a diversity case." 494 U.S. at 523. Likewise, in *Piper Aircraft*, the Supreme Court stated that although "a court ordinarily must

apply the choice-of-law rules of the State in which it sits[,] . . . where a case is transferred pursuant to 28 U.S.C. § 1404(a), it must apply the choice-of-law rules of the State from which the case was transferred."  454 U.S. at 244 n.8 (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1946)).

In other words, were the district court to have transferred Tigert's cause of action to a district court in California, under *Piper Aircraft* and *Ferens*, a California district court would be bound to apply Louisiana's article 3549, find that Louisiana's one year prescriptive period applies, and conclude that Tigert failed to demonstrate any compelling considerations of remedial justice warranting application of California's longer prescriptive period.  Because Louisiana's one-year prescriptive period would follow Tigert to California, we agree with the district court that transferring would do little more than inconvenience the parties.  We thus decline to adopt the approach used in *Seagrave*, a non-precedential district court decision, and instead affirm the district court's decision not to transfer Tigert's case to a district court in California.

## C.   Dismissal With Prejudice

Finally, Tigert argues that the district court abused its discretion by entering a dismissal with prejudice rather than a dismissal without prejudice. She claims that the district court noted the possibility that she could re-file her negligence suit in California, but contends that it closed off her opportunity to do so by entering a dismissal with prejudice.  She asserts that dismissals for failure to state a claim are final, and would thus be *res judicata* on another action.

The Supreme Court, however, has explained that a dismissal with prejudice does not necessarily bar a plaintiff from filing again in another jurisdiction. *See Semtek Int'l v. Lockheed Martin Corp.* ("*Semtek*"), 531 U.S. 497, 506 (2001) ("[U]nlike a dismissal 'without prejudice,' the dismissal in the present

case barred refiling of the same claim in the United States District Court for the Central District of California. That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts."). Traditionally, "expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." *Id*. at 504 (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 142(2), 143 (1969); RESTATEMENT OF JUDGMENTS § 49, cmt. a (1942)). The *Semtek* Court concluded that "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity," and adopted, "as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits." *Id*. at 508 (citations omitted).

In other words, the district court's designation of its dismissal as with or without prejudice is immaterial. What matters for purposes of Tigert's case is, whether given refiling in California, a California court would find that the district court's dismissal on grounds of Louisiana's prescriptive period bars refiling in California. *Cf. id*. at 509 ("Because the claim-preclusive effect of the California federal court's dismissal 'upon the merits' of petitioner's action on statute-of-limitations grounds is governed by a federal rule that in turn incorporates California's law of claim preclusion . . . , the Maryland Court of Special Appeals erred in holding that the dismissal necessarily precluded the bringing of this action in the Maryland courts."). Because that issue is not before us, we decline to address it. We do note, however, that a dismissal of Tigert's claim without prejudice would abrogate American and DAL's statute of limitations defense to the extent that Tigert wishes to re-file and prosecute her claim in Louisiana. *See id*. at 505 ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning

later, to the same court, with the same underlying claim.  That will also ordinarily (though not always) have the consequence of not barring the claim from other courts, but its primary meaning relates to the dismissing court itself.").  For these reasons, we find that the district court did not abuse its discretion by dismissing Tigert's claim with prejudice.

## IV.  CONCLUSION

The district court correctly found that Louisiana's one year prescriptive period applied to Tigert's claim, and that because it did, Tigert's claim was time-barred.  Additionally, the district court did not abuse its discretion when it denied Tigert's request to transfer her case to a district court in California.  Finally, the district court did not abuse its discretion by dismissing Tigert's suit with prejudice.  For all these reasons, we affirm the district court's dismissal of Tigert's negligence suit.

AFFIRMED.